**SMITH v. DISTRICT OF COLUMBIA.**
**No. 1377.**

Municipal Court of Appeals for the
District of Columbia.

Argued Sept. 9, 1953.

Decided Oct. 1, 1953.

Katherine M. Staley, Washington, D. C., for appellant.

Hubert B. Pair, Assistant Corporation Counsel, Washington, D. C., with whom Vernon E. West, Corporation Counsel, and Chester H. Gray, Principal Asst. Corporation Counsel, Washington, D. C., were on the brief, for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

The Juvenile Court, sitting without a jury, found appellant to be the father of complainant's illegitimate child, and en-tered an order requiring him to support the child. This appeal follows.

While three errors were assigned, appellant's main contention is that the trial court erred in finding him to be the father of the child born to the complaining witness because her testimony was incredible and unworthy of belief. In effect, appellant argues that the trial court's verdict was against the weight of the evidence.

Briefly the facts may be summarized as follows: Complainant testified that her husband divorced her in New York some five years ago, and that she had not seen him in the past seven years. That she met defendant in May, 1952, and went out with him on three occasions. That between the second and third meeting defendant wrote her a letter, which in part stated: "I enjoyed the little time we spent today, I trust we become better friend honey. I am not so bad when you know me better * * *. So I will see you at 9 PM * * *." On the third meeting, after having consumed some "drinks," appellant took her to Johnson's Tourist Home on 13th Street near Logan Circle and introduced complainant to the operator of the place, a Mr. Johnson. That she and defendant had sexual relations in a room there. She saw the defendant several months later, told him of her condition, and accused him of being the father of the unborn child. The child was born to complainant on February 15, 1953. Complainant further testified that she had not gone with any man other than defendant during April, May, and June, 1952, and had sexual relations with no one except defendant during the conceptual period.

Defendant admitted meeting the complainant in the spring of 1952. He stated that they talked casually, and he then decided that she would make a good girl friend for him. That he made a date for some future night, but denied keeping the appointment and denied having sexual relations with her at any time. Defendant admitted writing the letter quoted above to complainant. He also admitted that in August, 1952, as a result of a telephone call from complainant, he went to her house

where she advised him of her pregnancy, accused him of being the father, and requested money. Defendant testified that he denied paternity and refused to give her any assistance. He also stated that at the preliminary hearing the complainant testified that he took her to a tourist home on Vermont Avenue, and also that she said a barber named Washington was the father of her other child, who was a year and a half old. It was stipulated by counsel that if Joseph R. Johnson, operator of the Johnson Hotel located on Vermont Avenue, appeared he would testify that his records failed to show a registration for May, 1952 of the complainant or the defendant. Joseph M. Johnson, the operator of Johnson's House on 13th Street near Logan Circle, testified that his records reflected no registration for either one of these parties during the month of May, 1952.

Thus we are presented with sharply conflicting evidence. Complainant testified that during the period of possible conception she had intercourse with the defendant and with no other man. Defendant admitted meeting the complainant and writing her a letter, but denied sexual relations. The law is clear that where there is a direct conflict in the evidence the question is one for the trier of the facts and not for the appellate court. This court is bound by the rule that where there is substantial evidence to support a finding we have no right to reverse. This case turned on issues of fact to be decided according to the weight of the evidence presented to the trial judge. As was stated in Nolan v. Werth, 79 U.S.App.D.C. 33, 142 F.2d 9, 10, "In the case we have here it is enough to say, as the Supreme Court said in Lawson v. United States Mining Co., 207 U.S. 1–12, 28 S.Ct. 15, 52 L.Ed. 65, that if the testimony is not sufficient to show that the trial court's decision is necessarily right, it wholly fails to show that it is necessarily wrong, from which it follows that the appellate court was incorrect in substituting its own findings."

Affirmed.