## BOGORAD v. SCHWARZ.
### No. 6661.

United States Court of Appeals
Fourth Circuit.

Argued Nov. 12, 1953.

Decided Dec. 9, 1953.

Samuel Bogorad, pro se.

Charles H. Gibson, Cambridge, Md., for appellee.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

PER CURIAM.

This is an appeal by plaintiff from a judgment for defendant in an action instituted to recover an attorney's fee from Mrs. Frederica H. Schwarz on account of legal services rendered her by plaintiff in prosecuting the appeal which was before us in Schwarz v. United States, 4 Cir., 191 F.2d 618. As the result of the prosecution of that appeal this court held that Mrs. Schwarz, having furnished the purchase money for the purchase of property conveyed to her and Mr. Schwarz as tenants by the entireties, was entitled to have a trust declared on the entire property for her

benefit when the tenancy by the entireties failed, and that the United States was not entitled to levy upon any part thereof for the satisfaction of taxes assessed against Mr. Schwarz. The value of the property thus saved for Mrs. Schwarz as a result of the appeal prosecuted by plaintiff was between nine and ten thousand dollars.

 Mrs. Schwarz resists paying plaintiff any fee on the ground that she did not employ him, and that she had done nothing which evidenced an acceptance of the benefit of his services. It is perfectly clear, however, that Mrs. Schwarz was benefitted by the services rendered and that in equity, good conscience and common honesty she ought to pay for them. She says that Mr. Schwarz employed plaintiff and should pay the fee; but it appears that plaintiff was employed to represent the interest of Mrs. Schwarz in the litigation as well as that of her husband, that Mr. Schwarz is insolvent, and that nothing can be collected from him. Mrs. Schwarz knew that the appeal was being prosecuted to save her property from the tax lien and joined in procuring the cost bond on appeal. She has not only been benefitted by plaintiff's services, but has knowingly taken affirmative action accepting such benefit; for the evidence shows that after the decision of this court she and Mr. Schwarz joined in a deed of the property to one Gibson and that Gibson made deed to her for the purpose of vesting her with legal title to the entire property. She accepted this deed and now holds legal title to the property, half of which would have been lost to her but for the successful prosecution of the appeal by plaintiff, who was employed to protect her interest as well as that of her husband. Even if she did not originally authorize the employment of plaintiff to represent her in the litigation, such action must be deemed a ratification of his employment.

Under the circumstances we think it clear that plaintiff is entitled to a reasonable fee for the services rendered Mrs. Schwarz which have unquestionably inured so greatly to her benefit. 5 Am.Jur. p. 352; City Bank of Wheeling v. Bryan, 76 W.Va. 481, 86 S.E. 8, 10, L.R.A.1915F., 1219; Taussig v. St. Louis, & K. R. Co., 166 Mo. 28, 65 S.W. 969, 89 Am.St.Rep. 674; Follmer v. State, 94 Neb. 217, 142 N.W. 908, Ann.Cas.1914D, 151. We do not think, however, that he is entitled to any such fee as he asks. Having heard the original appeal, we are in position to appraise the value of his services, Carbon Steel Co. v. Slayback, 4 Cir., 31 F.2d 702; and in our opinion he is entitled to recover of Mrs. Schwarz on account of services rendered her the sum of $500, the amount at which the judge below indicated that he valued plaintiff's services.

The judgment appealed from will accordingly be reversed and the cause will be remanded with direction to enter judgment in favor of plaintiff and against defendant for the sum of $500.

Reversed and remanded with directions.