**ADAMS v. DODSON.**

No. 1500.

Municipal Court of Appeals for the District of Columbia.

Submitted June 15, 1954.

Decided July 7, 1954.

———◆———

Henry M. Fowler, Washington, D. C., for appellant.

Nicholas E. Allen, Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

This appeal involves an attorney and his client. The client a former army captain, had a claim against the Government for retroactive retired pay. His efforts to collect the claim had not been successful and he consulted with the attorney with respect to prosecuting the claim in the United States Court of Claims. They reached an agreement but did not put their agreement in writing and are now in disagreement as to its terms.

The attorney's version of the agreement is that he undertook to represent the client before whatever agencies were necessary, and if not there successful then to file suit in the Court of Claims, and that the client agreed to pay a contingent fee of twenty per cent if it became necessary to go to the Court of Claims, and fifteen per cent if relief was obtained through an administrative agency. The client's version is that he engaged the lawyer to represent him in the United States Court of Claims and agreed to pay a fee of twenty per cent, but that he did not engage the lawyer to appear before any agency and that nothing was said about a fee of fifteen per cent or any other amount of payment of the claim was obtained administratively.

Whatever may have been the agreement, the lawyer prepared an application for correction of military record, which the client signed and the lawyer filed with the Army Board for Correction of Military Records. Eventually this application was forwarded by the Adjutant General's Office to the General Accounting Office. Apparantly this resulted from the change of position by the Comptroller General following the Supreme Court's denial of petition for writ of certiorari, 345 U.S. 994, 73 S.Ct. 1135, 97 L.Ed. 1401, to review the decision by the Court of Claims in Ramsey v. United States, 107 F.Supp. 957, 123 Ct.Cl. 504. However, in the meantime the client had personally filed his claim with the General Accounting Office. Thereafter the claim was paid directly to the client through the General Accounting Office. When the lawyer learned of this he demanded fifteen per

cent of the amount so received. His demand was refused and he brought this action. Trial without a jury resulted in judgment for the lawyer for an amount equal to fifteen per cent of the sum received by the client.

The substance of the client's argument on appeal is that the lawyer did not prove his case by a preponderance of the evidence and that the trial court's finding was contrary to the evidence. We cannot weigh the evidence. Our review of the evidence is limited to determining whether it furnished substantial support for the trial court's finding. Here the parties squarely differed as to the terms of their agreement and as to many things that occurred thereafter. The issue was strictly factual. If the lawyer's version was accepted—as evidently it was—there was ample evidence to support the finding in his favor.

Affirmed.