**Florence V. GEIER, Appellant,**

v.

**James J. LAUGHLIN, Appellee.**

**No. 1871.**

Municipal Court of Appeals for the
District of Columbia.

Argued Jan. 7, 1957.

Decided Feb. 20, 1957.

James F. Bird, Washington, D. C., for
appellant.

Albert J. Ahern, Jr., Washington, D. C.,
for appellee.

Before ROVER, Chief Judge, and
HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

Appellee, a member of the local bar,
brought an action for professional services
rendered and obtained a judgment thereon,
from which this appeal was taken.

Appellee gave this version of the facts:
His client, one Wood, filed a divorce suit
against his wife in the United States Dis-
trict Court for the District of Columbia
and she countered by filing a cross-action,
naming appellant as co-respondent and par-
ty defendant. Appellee testified that he
devoted many hours of advisory and pre-
paratory work to appellant's case, and sub-
sequently represented her at trial, along
with Wood. Appellant denied agreeing to
pay appellee anything or ever engaging
him to perform services, stating that if
services were rendered, they were volun-
tary and the benefits resulting to her were
incidental. There was no dispute at trial
that appellant was named as co-respondent
in the divorce action; that appellee unsuc-
cessfully resisted her inclusion and there-
after filed an answer in her behalf; that
she was present at trial, testified, and was
ultimately exonerated of having engaged in
any adulterous relationship with Wood;
and that the final order of the court omitted
her name.

At the conclusion of the trial, the
court found that there was "no sufficient
evidence to show that there was any ex-
press agreement, oral or written," retain-
ing appellee to represent appellant in the
divorce action; but also found that appel-
lant became aware on the day of trial that
she had been named as co-respondent and
thereafter accepted appellee's professional
services without protest or denial, thereby
impliedly agreeing to pay the fair and rea-

sonable compensation therefor.[1] In other words, the court accepted appellee's testimony. Appellant contests this finding, but as we have stated many times, on factual issues our review is limited to determining whether the evidence furnished substantial support for the trial court's finding. We conclude that on the record before us there was ample support for such a finding.

We have considered appellant's other assignments of error and regard them as without merit.

Affirmed.

---

1. Bogorad v. Schwarz, 4 Cir., 1953, 208 F.2d 704; 5 Am.Jur., Attorneys at Law, § 154.