**John A. SAVAGE, Appellant,**

v.

**Ernest F. GRAJEK and Bessie Grajek, Appellees.**

No. 1933.

Municipal Court of Appeals for the District of Columbia.

Argued Feb. 18, 1957.

Decided April 4, 1957.

Rehearing Denied April 23, 1957

John A. Savage, appellant, pro se.

Victor M. Mercogliano, Washington, D. C., for appellees.*

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

PER CURIAM.

Appellant sued both appellees for a balance allegedly owed by them for the rental of an apartment and for an unpaid balance due by appellee Bessie Grajek for money loaned to her by him, and for certain equipment consigned to her and allegedly sold but not accounted for. The case was tried by the court and it found for both defendants. The appeal is from the judgment entered on this finding.

A number of errors are assigned. In our opinion the situation presents a case wherein there was a conflict of testimony: the appellant's evidence tended to show the indebtedness; the evidence of the appellee Bessie Grajek a denial of such indebtedness by either appellee.

We have recently reiterated a long-standing rule, namely, that "on factual issues our review is limited to determining whether the evidence furnished substantial support for the trial court's finding."[1]
In an earlier case we said:

"* * * We cannot weigh the evidence. Our review of the evidence is limited to determining whether it furnished substantial support for the trial court's finding. Here the parties squarely differed as to the terms of their agreement and as to many things that occurred thereafter. The issue was strictly factual. * * *"[2]

The court, as it had the right to do, accepted the appellees' version of the

---

* Counsel's representation of the appellees was in his capacity as one of the attorneys connected with the Legal Assistance Office of the Bar Association of the District of Columbia.

1. Geier v. Laughlin, D.C.Mun.App., 129 A. 2d 401, 402.

2. Adams v. Dodson, D.C.Mun.App., 106 A.2d 501, 502.

transactions; there was ample evidence to support its finding.[3]

We think it unnecessary to discuss the other points raised.

Affirmed.

3. Smith v. District of Columbia, D.C.Mun.App., 99 A.2d 407.