## WOMER v. UNITED STATES.
### No. 47740.

United States Court of Claims.
July 11, 1949.

Irwin Geiger, Washington, D. C., and Paul R. Harmel, Washington, D. C., for plaintiff.

John R. Franklin, Washington, D. C., with whom was H. G. Morison, Assistant Attorney General, for defendant.

Before JONES, Chief Judge, and HOWELL, MADDEN, WHITAKER and LITTLETON, Judges.

JONES, Chief Judge.

This is a suit by a naval officer for pay during the period January 15, 1943, to November 1, 1945, inclusive, during which time his pay was withheld.

During the first World War plaintiff served in the United States Navy and thereafter became a member of the United States Naval Reserve on inactive duty. He was commissioned a Lieutenant Commander in the United States Naval Reserve November 5, 1936, and on July 15, 1941, was ordered into active duty for an extended period and remained on such duty as Lieutenant Commander until January 15, 1943.

Plaintiff was admitted to the United States Naval Hospital at Bethesda, Maryland, as a patient in April 1942 to be treated for injuries caused by a fall. Later examinations showed the presence of sclerosis disseminated.

A Board of Medical Survey reviewed the facts in plaintiff's case and found on July 18, 1942, that he was incapacitated for active service by reason of sclerosis disseminated, that his incapacity was permanent, was not an incident of the service but was aggravated by the service due to long hours of duty and an injury. It further recommended that he be ordered to appear before a Naval Retiring Board.

The Naval Retiring Board made findings in accord with those of the Board of Medical Survey and these findings were approved by the Secretary of the Navy, transmitted to the President, and approved by him on December 28, 1942.

On January 15, 1943, plaintiff was released from active duty and was notified by letter of January 28, 1943, that he had been placed on the honorary retired list, without pay.

Plaintiff applied for a reconsideration of his case by a Naval Retiring Review Board which convened June 29, 1945, pursuant to Section 302(a) of the Servicemen's Readjustment Act of 1944, Public Law 346, 78th Congress, 38 U.S.C.A. § 693i. The Naval Retiring Review Board reviewed the action of the Naval Retiring Board, unanimously reversed its findings, and found that plaintiff was suffering from a disability incurred in line of duty while serving on active duty. The Secretary of the Navy on October 23, 1945, approved the findings of the Naval Retiring Review Board and recommended that plaintiff be placed on the retired list. On October 24, 1945, the President ap-

proved the recommendation of the Secretary of the Navy. Plaintiff was accordingly placed on the retired list November 1, 1945, with pay in the rank of Lieutenant Commander, and thereafter received the regular retired pay for an officer of his rank.

During the period July 13, 1943, to October 31, 1945, the plaintiff received a pension for physical disabilities due to aggravation in service in World War II of sclerosis disseminated, and the parties have agreed that, in the event plaintiff is entitled to recover, the pension payments thus made by the Veterans' Administration may be treated as a set-off for the defendant.

The record thus presents the question as to whether the reversal by the Naval Retiring Review Board of the previous action taken by the Naval Retiring Board has the effect of nullifying completely the action of the retiring board and thus causing plaintiff to be entitled to active duty pay during the intervening period, or, in the alternative, whether the retired pay would date back to the time of the previous erroneous action of the retiring board.

Since the reviewing board's recommendation and the orders issued in respect thereto did not direct that the retirement pay be made retroactive, the issue is raised as to whether plaintiff was entitled to retired pay or active duty pay during the intervening period, but under the facts in the case it seems clear that he is entitled to one or the other. The action of the reviewing board completely reversed the action of the retiring board and found instead that the plaintiff's incapacity was service connected, which was an exactly contrary finding on the same facts. This had the effect of nullifying the action which placed plaintiff on the inactive list, since the finding of nonservice connection was the whole basis of that action.

This being true, we think plaintiff was entitled to active duty pay until such time as he was regularly placed on the retired list, had he stood on this claim alone.

Under section 4 of the act of August 27, 1940, 34 U.S.C.A. § 855c—1, the plaintiff as a Naval Reserve officer, when ordered into active naval service for more than 30 days, is entitled to the same rights as to pensions, compensation, retirement pay, and hospital benefits as are extended to those in the regular Navy.

In explaining section 4 of the act the report on the bill prepared by the Senate Committee on Naval Affairs contained the following statement:

"Sec. 4. * * * Naval Reservists placed on active duty for extended periods are required to devote their full time to their Naval Reserve duties and are not permitted to engage in any civil occupation. They must, therefore, when accepting such duty, give up the practice of their trade or profession or active participation in business. It is felt that under these conditions Naval Reservists actively employed in duties which would otherwise be performed by members of the Regular Navy are entitled to the same protection while performing such duties as are members of the Regular Navy * * *."

Under R.S. 1455, 34 U.S.C.A. § 412, no officer can be retired from the active service without a full and fair hearing by the Naval Retiring Board, if he demands it. Under R.S. 1453, 34 U.S.C.A. § 417, if the retiring board finds that the disability is the result of an incident of the service, and such decision is approved by the President, the officer must be retired from active service with retired pay. Under R. S. 1454, 34 U.S.C.A. § 418, if the board finds that the disability is not the result of an incident of the service and such finding is approved by the President, the officer is retired from active service on furlough pay, or wholly retired from service with one year's pay, as determined by the President.

Thus it appears that in the circumstances of this case the plaintiff could not be put on the inactive list except by a finding of the retiring board that he was incapacitated and that such incapacity was not the result of an incident of the service. The reviewing board having reversed the finding of the retiring board, it would be difficult to escape the conclusion that plaintiff remained in active service and was entitled to active duty pay until he was retired

pursuant to orders issued in accordance with the findings of the reviewing board, had he seen fit to insist upon this construction of his claim.

Following the reviewing board's action the plaintiff's retirement status could have been made retroactive. Since it was not in terms made retroactive, it must be implied in the facts found, or the action of the reviewing board must be construed as continuing the plaintiff's active service status until his retirement was made effective pursuant to the provisions of the statute.

It seems to us that the defendant is on the horns of a dilemma. If the Secretary of the Navy correctly interpreted the findings of the reviewing board and the action of the President in fixing the date of retirement as November 1, 1945, then automatically the active service status continued during the intervening period. The terms of the Servicemen's Readjustment Act of 1944, supra, are broad and sweeping, and give authority to the reviewing board to review the findings and decisions of the retiring board. The act stipulates that in carrying out its duties "such board of review shall have the same powers as exercised by, or vested in, the retiring board whose findings and decision are being reviewed."

This reviewing board determined that the findings of the retiring board were erroneous and that plaintiff's incapacity arose during his active service between July 1, 1941, and April 2, 1942, when he entered the hospital. This finding was approved by the Secretary of the Navy and the President. It would have justified, by the very facts of the case, since the plaintiff was in the hospital, an order making the retirement retroactive.

This was the condition at the time the findings were made and the recommendation transmitted to and approved by the President. The plaintiff was in the hospital during the entire period involved—

January 15, 1943, to November 1, 1945. When this fact is laid alongside the finding that plaintiff's incapacity is the result of an incident of the service prior to that date, all the facts existed for an order making the retirement retroactive, and such an order would have been in line with the findings of the reviewing board which were approved by the President.

Technically this was not done, and plaintiff received no compensation from the Navy from January 15, 1943, to November 1, 1945.

Determined on a strictly legal basis, we think plaintiff would be entitled to active service pay during the intervening period, but since he was in no condition to render active service during that period, and since he has sued in the alternative and asked for judgment for one or the other of the sums indicated, we are inclined to limit the recovery to the amount of what would have been his retirement pay had the retirement date been made retroactive to January 15, 1943. Clearly the record shows that plaintiff was entitled to pay in one form or the other. It is not possible to determine with complete definiteness which course should be pursued. By thus limiting the judgment to the lesser of the two amounts a difficult determination is made certain, since under the factual conditions of this case the plaintiff is certainly entitled to pay during the period involved.

Plaintiff is entitled to recover the amount of the retired pay for the period between January 15, 1943, and November 1, 1945, less the amount of any pension payments made to him by the Veterans' Administration. Entry of judgment is suspended pending receipt of a report from the General Accounting Office showing the amount due plaintiff in accordance with this opinion.

HOWELL, MADDEN, WHITAKER and LITTLETON, Judges, concur.