## HAMRICK v. UNITED STATES.
### No. 49496.

United States Court of Claims.
May 1, 1951.

Warren E. Miller, Washington, D. C., for plaintiff. Gene R. Arnold, Bethesda, Md., and Frederick Bernays Wiener, Washington, D. C., were on the briefs.

LeRoy Southmayd, Jr., Washington, D. C., with whom was Acting Asst. Atty. Gen. Newell A. Clapp, for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and HOWELL, Judges.

JONES, Chief Judge.

Plaintiff, a naval reserve officer on active duty, was found by a Naval Retiring Board to be permanently incapacitated for active naval service by reason of diabetes mellitus. The retiring board found that this incapacity existed before he entered the Navy. As a result of the retiring board's decision plaintiff was released from active duty without pay on February 10, 1946, although the proceedings and findings of the board were not approved by the President until February 26, 1946. Plaintiff thereupon appealed the decision of the Naval Retiring Board to the Naval Retiring Review Board which convened on August 2, 1946. The review board agreed that plaintiff was permanently incapacitated for active service but found that his incapacity was incurred in line of duty, the result of an incident of the service, subsequent to the date he reported for active duty pursuant to orders contemplating in excess of thirty days. The proceedings, findings, and decision of the review board were approved by the President on October 26, 1946. On December 12, 1946, plaintiff was notified that he was placed on the retired list on November 1, 1946, in the rank of Ensign. Subsequently he was advanced to the rank of Lieutenant on the retired list effective from the date of retirement. Plaintiff's request for either active duty pay or retired pay for the period from February 10, 1946, to November 1, 1946, has been denied by the Navy. Plaintiff seeks one or the other in this action.

The law provides that an officer of the Navy is not to be retired without a hearing before a retiring board, which is to decide whether he is incapacitated for active service and, if he is, whether the incapacity is the result of an incident of the service. The board's decision is to be laid before the President for his approval or disapproval and orders in the case. If the board finds that an officer is incapacitated as a result of an incident of the service and this finding is approved by the President, the officer is to be retired from active

service with retired pay. 34 U.S.C.A. §§ 411–418.[1]

A reserve officer who suffers a service-connected disability while on extended active duty is deemed to have been in the active naval service while on such duty and is in all respects entitled to the same retired pay as provided for officers of the Regular Navy. 34 U.S.C.A. § 855c–1.[2]

The law also provides for review of a retiring board's findings and decision pursuant to which an officer was released from active service without pay. The review board has the same powers as the original retiring board and its decision too is to be laid before the President for his approval or disapproval and orders in the case.[3]

1. These provisions of the Code are derived from Section 23 of the Act of August 3, 1861, 12 Stat. 287, 291, which provides as follows:

"* * * whenever any officer of the navy, on being ordered to perform the duties appropriate to his commission, shall report himself unable to comply with such order, or whenever, in the judgment of the President of the United States, an officer of the navy shall be in any way incapacitated from performing the duties of his office, the President, at his discretion, shall direct the Secretary of the Navy to refer the case of such officer to a board * * *. The determination of the board in each case shall, with a record of its proceedings, be transmitted to the Secretary of the Navy, to be laid before the President for his approval or disapproval, and orders in the case. The board, whenever it finds an officer incapacitated for active service, will report whether, in its judgment, the incapacity result from long and faithful service, from wounds or injury received in the line of duty, from sickness or exposure therein, or from any other incident of service; if so, and the President approve of such judgment, the disabled officer shall thereupon be placed upon the list of retired officers, according to the provisions of this act. But if such disability or incompetency proceeded from other causes, and the President concur in opinion with the board, the officer may be retired upon furlough pay, or he shall be wholly retired from the service, with one year's pay, at the discretion of the President; and in this last case his name shall be wholly omitted from the navy register. The members of the board shall, in every case, be sworn to an honest and impartial discharge of their duties, and no officer of the navy shall be retired, either partially or wholly, from the service without having had a fair and full hearing before the board, if he shall demand it."

2. This is Section 4 of the Naval Aviation Personnel Act of 1940, 54 Stat. 864, as amended by 56 Stat. 780, which provides as follows:

"All officers * * * of the United States Naval Reserve * * *, who, if called or ordered into active naval or military service by the Federal Government for extended naval or military service in excess of thirty days, suffer disability or death in line of duty from disease or injury while so employed shall be deemed to have been in the active naval service during such period, and they or their beneficiaries shall be in all respects entitled to receive the same pensions, compensation, retirement pay, and hospital benefits as are now or may hereafter be provided by law or regulation for officers * * * of corresponding grades and length of service of the Regular Navy * * *."

3. Section 302(a) of the Servicemen's Readjustment Act of 1944, popularly known as the G. I. Bill of Rights, 58 Stat. 284, 287, as amended by 59 Stat. 623, 38 U.S. C.A. § 693i(a), is as follows:

"* * * the Secretary of the Navy * * * [is] authorized and directed to establish, from time to time, boards of review * * *. It shall be the duty of any such board to review, at the request of any officer retired or released from active service, without pay, for physical disability pursuant to the decision of a retiring board, board of medical survey, or disposition board, the findings and decisions of such board. Such review shall be based upon all available service records relating to the officer requesting such review, and such other evidence as may be presented by such officer. Witnesses shall be permitted to present testimony either in person or by affidavit, and the officer requesting review shall be allowed to appear before such board of review in person or by counsel. In carrying out its duties under this section such board of review shall have the same powers as exercised by, or vested in, the board whose findings and decision are being reviewed. The proceedings and decision of each such board of review

The question presented here was also before us in Womer v. United States, 84 F. Supp. 651, 114 Ct.Cl. 415. Womer too was released from active duty without pay after a retiring board decided his disability was not service-connected. A review board later decided that his disability was an incident of the service. He was then placed on the retired list with pay. We held that he was entitled to retired pay from the time he was released from active duty until he was placed on the retired list with pay. The Government here contends that our decision in Womer conflicts with the prior decision of the Supreme Court in Denby v. Berry, 263 U.S. 29, 44 S.Ct. 74, 68 L.Ed. 148.

We do not perceive any conflict between the two cases. In Denby v. Berry, supra, a Board of Medical Survey found that a naval reserve officer on active duty was suffering a service-incurred disability and recommended that he be sent before a retiring board. Instead, the Secretary of the Navy ordered him released from active duty. The Supreme Court held that the Secretary could not be compelled by mandamus to revoke this order since he had discretionary power to issue it. The Court recognized that the statutory provision that

a naval officer was not to be retired without a retiring board hearing had been made applicable to reserve officers on active duty; but it held that a release to inactive duty was not a retirement. The Court pointed out that Berry, after having been ordered to inactive duty, could have applied for retirement; he could have appealed to the President after the Secretary had denied his application for a retiring board.

We stated in Womer that "in the circumstances of this case the plaintiff could not be put on the inactive list except by a finding of the retiring board that he was incapacitated and that such incapacity was not the result of an incident of the service." [4] Defendant contends that this statement was wrong in view of the decision in Denby v. Berry, supra, that the release of a naval reserve officer to inactive duty is within the discretion of the Secretary of the Navy or the President.[5] However, the provisions of 34 U.S.C.A. § 855c–1[6] securing to reserve officers on active duty the same rights provided for officers of the regular Navy became law some years after the Denby v. Berry decision, and are considerably broader and more specific than the somewhat similar statutes referred to in that case.[7] It seems to us that this stat-

affirming or reversing the decision of any such retiring board, board of medical survey, or disposition board shall be transmitted to * * * the Secretary of the Navy * * * and shall be laid by him before the President for his approval or disapproval and orders in the case."

4. 84 F.Supp. 652, 114 Ct.Cl. 422.

5. Denby v. Berry, supra, was not called to our attention in the Womer case. However, Government's counsel in that case had also been counsel in Lemly v. United States, 75 F.Supp. 248, 109 Ct. Cl. 760, and had cited it there as authority for the general proposition that the courts will not interfere when in the Secretary's discretion he orders a reserve officer to inactive duty without ordering him before a retiring board. Lemly had sued for retired pay alleging that he had been released to inactive duty at a time when to the knowledge of the Navy's medical authorities but unknown to him he was suffering a service-incurred disability. We overruled the Government's demurrer and distinguished

Denby v. Berry. After trial on the merits Lemly's petition was dismissed. Lemly v. U. S., Ct.Cl., 91 F.Supp. 743.

6. Footnote 2, supra.

7. After quoting the statutory provision that a naval officer was not to be retired for disability without a retiring board hearing, Chief Justice Taft went on to say that this section had "been made applicable to officers on active service in the Naval Reserve Force when disabled in line of duty first by implication in a proviso of the Act of July 1, 1918 ([c. 114] 40 Stat. 704, 710), 'that no member of the Naval Reserve Force shall be eligible for retirement other than for physical disability incurred in line of duty', and then, after this suit was brought, by direct provision in the Act of June 4, 1920 (41 Stat. c. 228, p. 834, § 2), as follows:

"That all officers of the Naval Reserve Force and temporary officers of the Navy who have heretofore incurred or may hereafter incur physical disability in line of duty shall be eligible for retirement under the same conditions as now pro-

ute renders improper an order releasing a reserve officer suffering a service-connected disability to inactive duty without pay. But whether or not this statute has had this effect, we do not see how Denby v. Berry, supra, invalidates the result we reached in Womer. This case and Womer are not cases of officers who were merely released to inactive duty. They are cases of officers who were in fact placed on the retired list. But they were retired with pay later than they should have been because of incorrect determinations by retiring boards that their incapacities were not service-connected.

Plaintiff's retiring board decided that his incapacity was not the result of an incident of the service. It was in error. As a result of its erroneous finding plaintiff was released from active duty without pay. The Naval Retiring Review Board found what must now be regarded as having been from the first the correct fact: plaintiff's incapacity *was* the result of an incident of the service. The error was partly corrected when plaintiff was placed on the retired list on November 1, 1946. But full correction of the error would require plaintiff's being put in the same position he would be in had the erroneous determination not been made. If the retiring board had made a correct determination plaintiff would have received retired pay from the time his active duty pay ceased.[8] A process of review is effective only to the extent that it is followed by action which removes the consequences of error. Section 302(a) of the G. I. Bill of Rights [9] is remedial. We would dilute the effectiveness of this remedial statute by a holding that this plaintiff is entitled to something less than he would have had if the erroneous determination had not been made. See Robertson v. Chambers, 341 U.S. 37, 71 S.Ct. 547.

The review board had the same powers exercised by or vested in the original retiring board. Its decision that plaintiff was suffering a service-incurred disability having been approved by the President, plaintiff was entitled to retired pay under 34 U.S.C.A. § 417,[10] made applicable to him by 34 U.S.C.A. § 855c-1.[11] Approval of this finding established that plaintiff *had been* so entitled from the time his active duty ceased.

Defendant contends that plaintiff is not so entitled because the President did not order retroactive retirement. As we understand the Stipulation of Facts the President did not order any kind of retirement; he merely approved the proceedings, findings, and decision of the Naval Retiring Review Board; he made no orders in the case. Plaintiff was later notified—we presume by the Secretary of the Navy or someone acting for him [12]—that he was placed on the retired list the first of the month following the President's decision. But we think it followed automatically from the President's approval of the review board's decision that plaintiff was entitled to retired pay from the time his active duty ceased.

Plaintiff is entitled to judgment for the amount of retired pay he should have received from the time his active duty pay ceased until the time his retired pay commenced, less the amount of any disability compensation received from the Veterans Administration during this period.

Entry of judgment will be suspended to await the filing of a report from the General Accounting Office showing the amount due plaintiff in accordance with this opinion.

HOWELL, MADDEN, WHITAKER and LITTLETON, Judges, concur.

vided by law for officers of the Regular Navy who have incurred physical disability in line of duty." 263 U.S. 35, 44 S.Ct. 76, 68 L.Ed. 148.

8. A uniform retirement date act, 46 Stat. 253, 5 U.S.C.A. § 47a, provides that retirement shall take effect on the first of the month following the month in which it would otherwise be effective; but re-

tired pay is to be computed as of the day retirement would have occurred had this provision not been enacted.
9. Footnote 3, supra.
10. See Footnote 1, supra.
11. Footnote 2, supra.
12. See findings 7 and 8 in the Womer case, 84 F.Supp. 651, 114 Ct.Cl. 418.