## RAMSEY v. UNITED STATES.
### No. 50325.

United States Court of Claims.

Nov. 4, 1952.

Paul R. Harmel, Washington, D. C., Geiger & Harmel, Washington, D. C., on the briefs, for plaintiff.

S. R. Gamer, Washington, D. C., Holmes Baldridge, Asst. Atty. Gen., LeRoy Southmayd, Jr., Washington, D. C., on the brief, for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and HOWELL, Judges.

JONES, Chief Judge.

Plaintiff, an officer in the Army of the United States, had active duty service from November 10, 1941, until December 4, 1945. He entered on active duty with the rank of first lieutenant, and was promoted to the rank of major on April 21, 1943.

On December 4, 1945, an Army Retiring Board at the Station Hospital, Fresno, California, found that plaintiff was permanently incapacitated for active service by reason of peptic ulcer of the duodenum, but found that such incapacity was not an incident of the service.

Plaintiff was placed on terminal leave on December 7, 1945, and on February 11, 1946, he was relieved from active duty and discharged.

While on terminal leave plaintiff was operated upon for such ulcerous condition at the Massachusetts General Hospital in Boston, Massachusetts.

The plaintiff requested a reversal of the findings and decision of the Army Retiring Board. On or about July 30, 1948 the Army Disability Review Board at Washington, D. C., reviewed plaintiff's case, reversed the findings and decision of the Retiring Board, and found that plaintiff's disability was not only permanent but was also the result of an incident of the service.

After administrative approval of the decision of the Army Disability Review Board the Secretary of War on October 12, 1948, certified to the Veterans Administration that plaintiff was entitled to retired pay at the rate of $237.18 monthly, effective September 17, 1948.

The plaintiff has received no compensation, either active or retired pay, for the period beginning February 11, 1946, and extending to September 17, 1948.

All these allegations are in substance admitted in defendant's answer, except it is claimed that plaintiff received disability compensation aggregating $2,503.62 during the period indicated.

The plaintiff seeks retirement pay from February 11, 1946, the date of his discharge for disability, to September 17, 1948, when he was placed on the roll to receive retired pay.

Plaintiff has exhausted his administrative remedies and sues in this court for the amount of his claim.

The principles involved in this case are on all fours with the issues involved in the cases of Womer v. United States, 84 F. Supp. 651, 114 Ct.Cl. 415, and Hamrick v. United States, 96 F.Supp. 940, 120 Ct.Cl. 17.

We quote from our decision in the Hamrick case, supra, 96 F.Supp. at page 943, 120 Ct.Cl. at pages 25 and 26, as follows:

"Plaintiff's retiring board decided that his incapacity was not the result of an incident of the service. It was in error. As a result of its erroneous finding plaintiff was released from active duty without pay. The Naval Retiring Review Board found what must now be regarded as having been from the first the correct fact: plaintiff's incapacity *was* the result of an incident of the service. The error was partly corrected when plaintiff was placed on the retired list on November 1, 1946. But full correction of the error would require plaintiff's being put in the same position he would be in had the erroneous determination not been made. If the retiring board had made a correct determi-

nation plaintiff would have received retired pay from the time his active duty pay ceased. A process of review is effective only to the extent that it is followed by action which removes the consequences of error. Section 302(a) of the G. I. Bill of Rights is remedial. We would dilute the effectiveness of this remedial statute by a holding that this plaintiff is entitled to something less than he would have had if the erroneous determination had not been made."

We adhere to the principles laid down in the cases cited.

Our attention has been called to a similar case that was filed in the United States District Court for the District of Columbia, and which was dismissed. While the record does not show the grounds of dismissal, it is apparent that it must have been for lack of jurisdiction. In fact, it has been held in the United States Court of Appeals for the District of Columbia that the District Courts do not have jurisdiction generally in cases of this character. We quote from the case of Almour v. Pace, D.C.Cir., 193 F.2d 699, 701, as follows:

" * * * under the Tucker Act, the Court of Claims has exclusive jurisdiction of suits by officers of the United States 'to recover fees, salary or compensation for official services'—and this includes retired pay."

The plaintiff is entitled to recover retired pay for the period beginning February 11, 1946, and extending to September 17, 1948, less any amount that the official records of the Veterans Administration may show he received as disability compensation during such period.

Plaintiff's motion is granted and defendant's motion is denied.

Entry of judgment is suspended pending the receipt of a report from the General Accounting Office showing the amount due plaintiff in accordance with this opinion.

HOWELL, MADDEN, WHITAKER, and LITTLETON, Judges, concur.