Whitaker, Judge,
delivered the opinion of the court:
Plaintiff’s decedent (hereinafter referred to as plaintiff) sues for retired pay from the date of the enactment of the Act of February 21,1946, as amended, to September 1, 1949, the date he was placed upon the retired list.
Plaintiff was commissioned an ensign in the United States Naval Reserve on May 10,1917, and immediately placed on active duty, in which status he served until December 20, 1919, when he was released to an inactive status. Later, on March 22, 1923, he was recalled to active duty and served in this capacity continuously until May 12,1945.
On June 1, 1944 plaintiff had attained the age of sixty-four years, which required that he be retired. On that date he was placed on the Honorary Retired List of the United States Naval Reserve, but was continued on active duty until May 12, 1945. On this date he was placed on the inactive list, and since that time he has been paid the retired pay provided for in the Act of June 25,1938 (52 Stat. 1175).
On February 21, 1946 Congress passed an Act (60 Stat. 26) which provided that an officer of the Regular Navy or of the “Reserve Components thereof”, who had served twenty years on active duty in the Navy, might be placed on the retired list, on his application, “in the discretion of the President”, “on the first day of such month as the President may designate.” This. Act gave to such an officer placed on .the retired list retired'pay which was more than plaintiff was receiving under the Act of June 25, 1938. In accordance with the provisions of this Act plaintiff made application for retirement under it, but his request was denied because, it was said, the Act did not apply to officers previously placed on the Honorary Retired List.
On April 14,1949 Congress amended the Act of February 21, 1946 (63 Stat. 47) by providing that the term “Reserve components”, as used in the Act of February 21,1946, “shall include officers of the honorary retired list of the Naval *3 Reserve * * By section 2 of this Act it was provided : “This Act shall be effective from February 21,1946.”
Had this Act of 1949 been in effect when plaintiff made his application for retirement under the provisions of the Act of February 21, 1946, his application no doubt would have been granted.
However, after the passage of the Act of 1949, when plaintiff made application for retirement in accordance with the provisions of the Act of February 21, 1946, as amended by the Act of 1949, he was placed on the retired list, but this action was made effective as of September 1, 1949. Plaintiff says that it should have been made effective as of February 21, 1946, since the Act of 1949 had provided “This Act shall be effective from February 21,1946.”
We think plaintiff is correct.
Defendant says he is not correct because under the Act of February 21,1946 an officer applying for retirement, after twenty years of active service, was placed on the retired list only in the discretion of the President and then only “on the first day of such month as the President may designate.”
Had plaintiff’s application for retirement after the passage of the Act of 1949 been his first application for retirement, defendant would probably be correct, but it was not.
Under the Act of February 21, 1946 an officer did not have an absolute right to retire although he had served twenty years in the Navy. He was entitled to retirement only in the discretion of the President. But this plaintiff had already been retired and, hence, there was no occasion for the exercise of discretion on the part of the President. This being true, plaintiff is entitled to the benefits of the Act of February 21, 1946, as amended. He is entitled' to these rights from February 21,1946, because the Act of April 14, 1949 (63 Stat. 47), which brought plaintiff within the terms of the Act of February 21, 1946, says that it should be effective from February 21, 1946. Therefore, as of February 21, 1946 plaintiff is entitled to the benefits of the Act of February 21,1946.
We think this conclusion is in harmony with that reached by the court in Robert G. White v. United States, 122 C. Cls. 31, and in Womer v. United States, 114 C. Cls. 415.
*4 Ifc results that plaintiff’s motion for summary judgment is granted, and defendant’s motion for summary judgment is overruled. Entry of judgment for plaintiff will be suspended until the incoming of a report from the General Accounting Office showing the amount due computed in accordance with this opinion.
Howell, Judge; Madden, Judge; Littleton, Judge; and Jones, Chief Judge, concur.
In accordance with the above opinion, on a report from the General Accounting Office showing the amount due thereunder, judgment for the plaintiff was entered on June 2, 1953, for $3,902.03.