**Furman H. UPDIKE**

v.

**The UNITED STATES.**

**No. 378–54.**

United States Court of Claims.

July 12, 1955.

Paul R. Harmel, Washington, D. C., for plaintiff. Geiger & Harmel, Washington, D. C., were on the briefs.

LeRoy Southmayd, Jr., Washington, D. C., with whom was Asst. Atty. Gen. Warren E. Burger, for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

WHITAKER, Judge.

This case is before the court on plaintiff's motion for judgment on the pleadings and defendant's motion for summary judgment.

Plaintiff's petition alleges that he enlisted in the Army of the United States on October 15, 1942, and by April 14, 1943, had attained the rank of major; that a portion of his active service was performed in the tropical jungles of India, Burma, Siam, and Malaya; that in 1947, while stationed in Japan, he be-

gan to experience general debility, loss of energy, shortness of breath, and severe pains in the chest, as a consequence of which he requested relief from active duty, and that he was released on March 25, 1948. It is further alleged that the X-rays taken at the time of his release indicated active pulmonary tuberculosis, which, he alleges, was known to the defendant, but unknown to him, but that he was not sent before a retiring board for a determination of his entitlement to retirement pay; that in January 1950 he was authorized to enter a hospital for observation, and appearance before a Physical Evaluation Board; that on March 16, 1950, this Board found him 100 percent disabled by reason of active pulmonary tuberculosis, and that his disability was the proximate result of his military service, and that he had become unfit to perform the duties of his office at the time of his separation on March 25, 1948.

It is further alleged that on May 17, 1950, the Secretary of the Army approved the findings of the Physical Evaluation Board, and placed plaintiff on the temporary disability retirement list, effective March 31, 1950, later changed to April 30, 1950; but, on August 1, 1951, the order placing him on the retirement list was canceled, as a result of a ruling of the Comptroller General holding that reserve officers were not entitled to retirement for physical disability if the determination of their eligibility thereto was made after their separation from the service.

Defendant's answer admits all of the essential allegations of plaintiff's petition.

Plaintiff says that his right to retired pay is to be determined according to the facts existing on the date of his separation from the service and according to the law in effect as of that time.

We think plaintiff is right.

Section 5 of the Act of April 3, 1939, 53 Stat. 555, 557, 10 U.S.C.A. § 456, amended the National Defense Act, as amended, so as to make section 1 of the National Defense Act, as amended, read as follows:

"* * * *Provided further,* That all officers, warrant officers, and enlisted men of the Army of the United States, other than the officers and enlisted men of the Regular Army, if called or ordered into the active military service by the Federal Government for extended military service in excess of thirty days, and who suffer disability or death in line of duty from disease or injury while so employed shall be deemed to have been in the active military service during such period and shall be in all respects entitled to receive the same pensions, compensation, retirement pay, and hospital benefits as are now or may hereafter be provided by law or regulation for officers and enlisted men of corresponding grades and length of service of the Regular Army."

Defendant does not deny that plaintiff was entitled to retired pay under this Act, although it was not determined by the Secretary of the Army that he was so entitled until after his release from active duty and his resignation of his commission.

We think plaintiff's rights are to be determined under this Act and that he was entitled to retired pay at the time he was released from active duty on March 25, 1948, although the Physical Evaluation Board did not determine that he was until about two years later, and although under orders of the Secretary of the Army he was not placed on the retired list until May 17, 1950, something over two years after his separation from the service.

Defendant's position is that the Act of April 3, 1939 was superseded by the Career Compensation Act of 1949, 63 Stat. 802, 37 U.S.C.A. § 231 et seq., and that the plaintiff was not entitled to retired pay unless his entitlement thereto was determined while he was a member

of the United States Army, although his entitlement thereto had accrued while he was a member of the United States Army.

Irrespective of other considerations, we do not think this position is tenable in view of the provisions of section 519 of the Career Compensation Act, 63 Stat. 802, 834:

> "Any member *or former member* of the uniformed services or any person entitled to the rights, benefits, and privileges of a member or former member of the uniformed services, * * * who on the date of enactment of this Act, is receiving *or is entitled to receive* retired or retirement pay pursuant to any provision of law, shall, notwithstanding the provisions of this Act, be entitled to continue to receive *or shall continue his entitlement to receive* that retired or retirement pay which such member or former member is entitled to receive under any provision of law in effect on the day preceding date of enactment of this Act." 37 U.S.C.A. § 318. [Italics ours.]

Quite clearly, this gives plaintiff the benefit of the Act of April 3, 1939, supra.

Plaintiff received retired pay from May 1, 1950 to August 1, 1951. He was entitled to receive it from and after March 25, 1948. Womer v. United States, 84 F.Supp. 651, 114 Ct.Cl. 415; Hamrick v. United States, 96 F.Supp. 940, 120 Ct.Cl. 17; Ramsey v. United States, 107 F.Supp. 957, 123 Ct.Cl. 504, certiorari denied 345 U.S. 994, 73 S.Ct. 1135, 97 L.Ed. 1401.

Plaintiff is entitled to recover on the pleadings. Defendant's motion for summary judgment is accordingly denied.

Entry of judgment will be suspended until the incoming of a stipulation showing the amount due computed in accordance with this opinion, or, in the absence of a stipulation filed within sixty days hereof, until the incoming of a report of a Commissioner showing the amount due computed in accordance with this opinion.

It is so ordered.

JONES, Chief Judge, and LARAMORE, MADDEN and LITTLETON, Judges, concur.