**Phillip C. HOLT**

v.

**The UNITED STATES.**

No. 353-52.

United States Court of Claims.

April 3, 1956.

Warren E. Miller, Washington, D. C., for plaintiff.

John R. Franklin, Washington, D. C., with whom was Warren E. Burger, Asst. Atty. Gen., for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

MADDEN, Judge.

The plaintiff, a retired Naval officer, seeks retirement pay from the date of his release from active duty on November 27, 1945, to the time when he was actually placed on the retired list effective January 1, 1949. The facts have been agreed upon in a pretrial conference.

Plaintiff was graduated from the United States Naval Academy in June 1933. From that time he served in the United States Marine Corps until April 1942 when he was commissioned in the Naval Reserve and ordered to active duty. He remained on active duty until November 27, 1945.

After his return from duty in the Pacific area he, on September 6, 1945, was found not physically qualified for release from active duty. Accordingly he was hospitalized and remained in the United States Naval Hospital at Bethesda, Maryland, until September 21, 1945. His condition at that time was diagnosed as albuminuria. He was, however, on that date found qualified for temporary promotion by the Navy, the albuminuria not being considered as disqualifying. The following day he appeared before a Board of Medical Examiners prior to separation from the service, which Board likewise found albuminuria but considered it not disqualifying for release and plaintiff was recommended as being fit to perform active duty at sea or in foreign service and likewise qualified for release from active duty. He was released effective November 27, 1945.

Plaintiff continued his interest in the Naval Reserve and some time prior to July 1, 1946, made a request to the Chief of Naval Personnel that he be transferred to the Organized Reserve. His request was granted, effective July 1, 1946.

Plaintiff was examined prior to reporting for duty in February 1947, the medical officers determining that because of his kidney disability he was unfit to perform active duty at sea or in foreign service, and finding that he was not physically qualified for the usual 14-day active duty training. His orders to enter upon such training duty were cancelled.

Soon thereafter plaintiff requested the Secretary of the Navy to grant him a complete hearing on his right to retirement on account of disability resulting from the kidney condition. He claimed that he should have been ordered before

a Board of Medical Survey prior to his release from active duty. The Secretary of the Navy approved the requested hearing and after a review of plaintiff's medical record he was ordered returned to the Naval Retiring Board "for further consideration in view of additional evidence to be presented."

The Retiring Board recommended that plaintiff appear before a Naval Board of Medical Survey and for this purpose plaintiff was admitted to the Naval Hospital at Bethesda, Maryland, where a Board of Medical Survey on July 11, 1947, again diagnosed his condition as albuminuria and recommended that he be returned to duty. The Bureau of Medicine and Surgery reviewed the recommendation, approved it and stated that the officer was physically qualified for recall to active duty. The Board, however, further recommended that the record be submitted to the Retirement Advisory Board in view of plaintiff's request. Plaintiff was again admitted to the Naval Hospital on May 17, 1948, for medical observation, and discharged June 4, 1948, with a diagnosis of "nephritis, chronic, mild." The report further stated "Therefore, he is not physically qualified for recall to active duty in the Naval Service, including active training duty in the organized reserves. His disability is considered to be permanent, mild, and an incident of the Naval Service in that it developed while on active duty."

Prior to June 4 plaintiff had been ordered to active duty training by the Bureau of Naval Personnel and on June 5, 1948, he reported to the dispensary at the Naval Gun Factory where the medical duty officer found him physically qualified for such duty, based upon a limited examination. Plaintiff's health record was not available to the medical officer, but the medical officer was advised by the plaintiff that he had a medical history of chronic nephritis as established at Bethesda the day before.

Plaintiff served on active duty on the Naval Reserve Policy Board in Washington, D. C., from June 7 to June 18, 1948, when he was found physically qualified for release from active duty training.

On June 15, 1948, the Retirement Advisory Board reported that, after a thorough review of the record, including the proceedings before the Retiring Board and the additional evidence presented by plaintiff during his personal appearance before that Board, it had unanimously recommended that the entire record, with the additional evidence, be returned to the Naval Retiring Board for further consideration in view of additional evidence which would be presented to the Retiring Board.

On July 29, 1948, the Naval Retiring Board took up the record of its proceedings dated October 13, 1947, reviewed those proceedings in the light of additional evidence, including the examination at the Naval Hospital at Bethesda, and upon the basis of such review revoked its previous finding of October 13, 1947, and found that the plaintiff was incapacitated for active service by reason of nephritis, chronic, mild; that his incapacity for Naval service is permanent and the result of an incident of the service, having been incurred subsequent to April 25, 1942, and prior to September 10, 1945, and suffered in line of duty from disease or injury while employed on active duty pursuant to orders contemplating extended naval service in excess of 30 days. On December 31, 1948, the Secretary of the Navy approved the Board's action and on January 1, 1949, plaintiff was transferred to the retired list with disability retirement pay in the rank of commander, since which time he has received such disability retirement pay.

Plaintiff claims that on the basis of the decisions in the cases of Hamrick v. United States, 96 F.Supp. 940, 120 Ct.Cl. 17, and Ramsey v. United States, 107 F. Supp. 957, 123 Ct.Cl. 504, and other similar cases, he is entitled to retirement pay from the date when he was first released on November 27, 1945, since it had been finally found that the disease or injury was an incident of the service

which had been incurred some time between 1942 and his release in 1945.

We think the plaintiff is right. What the Retiring Board did was to make up its mind, after many delays, that the disability upon which they were retiring him had been incurred before his release from active duty in 1945, though the Board had not been convinced of this fact until 1948. The case is, then, in all relevant respects, similar to the Hamrick and Ramsey cases, supra. The officer in each case was qualified for retirement upon his release from active duty. The fact that the formal decision that he had been so qualified came later is not a reason for his being deprived of retired pay in the meantime.

The plaintiff's motion for summary judgment is granted, and a judgment will be entered for him. The amount of recovery will be determined pursuant to Rule 38(c), 28 U.S.C.A.

The defendant's motion for summary judgment is denied.

It is so ordered.

WHITAKER and LITTLETON, Judges, concur.

JONES, Chief Judge (dissenting in part).

I think plaintiff is entitled to retirement pay after October 13, 1947, since his condition was as of that time first found to be such as to incapacitate him for military service. All the findings before that time were to the effect that the injury, while service connected, had not reached the incapacitating stage.

The facts are clearly distinguishable from the Hamrick and Ramsey cases.

It will be noted that in both the Hamrick and the Ramsey cases plaintiff suffered permanent total disability. This was found to have existed at the time of release from active duty, but it was first found that such incapacity was not service connected. Later the administrative authorities reversed their position on the second phase and found that the disability was service connected. Since there was no question as to the permanent disability at the time of retirement the reversed finding as to service connection automatically reverted to the time of the ending of active service.

Another vital distinction is that in the Hamrick and Ramsey cases a Retiring Board's adverse action was being reviewed by the Disability Review Board, which according to the statute "shall have the same powers as exercised by, or vested in, the board whose findings and decision are being reviewed." 38 U.S.C.A. § 693i(a). In both cases the finding by each board was that the claimant was permanently incapacitated at the time of release from active duty.

In this case, while the disease has been found to have been incurred during the wartime period of service there is no finding in the record that at that time it was disabling or permanent. In fact, the agreed findings tend to indicate otherwise. The first action by a retirement board was on October 13, 1947.[1] This board at that time found that plaintiff was not disabled and was not disqualified for active service. However, on July 29, 1948, the Naval Retiring Board upon reconsideration and careful review of the additional evidence and the examination and hospitalization records of the Naval Hospital at Bethesda, Maryland, found that plaintiff was incapacitated for active service by reason of nephritis; that his incapacity was permanent and the result of an incident of the service, and that he should be retired on the basis of the grade of commander. It made this finding in place of the finding of October 13, 1947.

On December 31, 1948, the Secretary of the Navy approved the proceedings and findings and plaintiff was trans-

---

1. On August 28, 1947, the Bureau of Medicine and Surgery upon review of the proceedings had made the following statement:

"* * * The condition constitutes no disability at this time. This condition may or may not progress to the point of causing incapacity at some future date. If so that will be the time to afford him a hearing before a Naval Retiring Board."

ferred to the retired list with disability retirement pay in the rank of commander, effective January 1, 1949.

It will be noted that while the Board found that plaintiff's disability was an incident of the service, there is no finding that it was disabling at the time of his original release and it was not found until July 1948 that his condition was disabling and permanent. This finding at that time, however, was based on conditions that were shown to exist on October 13, 1947, and was on a review of conditions that existed at that time. The plaintiff should have been retired as of the date when this condition was shown to exist, to wit, October 13, 1947.

There is a sentence in the stipulation which taken out of context might seem to indicate that plaintiff was incapacitated for active service at the time of his release to inactive service, but this sentence is completely ridden down by the stipulation as a whole and by the findings of the medical boards.

The plaintiff is entitled to retirement pay from October 13, 1947, to December 31, 1948, at the rate of pay of a commander in the Navy, less the sum of $81.65 which he received from the Veterans Administration as disability compensation, and less any sum that he might have been paid for training periods between October 13, 1947, and December 31, 1948. Nickell v. United States, 123 Ct.Cl. 859.

In passing on the question of whether plaintiff was entitled to retirement pay for the period back to the date of release from active duty in 1945, the Comptroller General makes the following comment:

"It is a rule of long standing that, generally, the effective date of the retirement of a regular officer of the armed services is governed by the date when the President approves his retirement and by the uniform retirement date act of April 23, 1930, 46 Stat. 253, which provides, generally, that retirements shall take effect on the first day of the month following the month in which said retirement would otherwise be effective, and may not be a date prior to the date of such approval. Apparently such rule was followed by the Secretary of the Navy in fixing the effective date of your retirement and it is understood that such rule has been followed by the Department of the Navy in connection with similar retirements of naval reserve officers for physical disability. There is no statutory provision making the said 1930 law inapplicable to reserve officers of the Navy retired for disability, nor is there any statutory authority authorizing the fixing of the effective date of the retirement of such a naval reserve officer who is released from active duty as physically qualified, as the date of such release from active duty. The established rule as to fixing the effective date of retirement would appear to be particularly applicable in a case such as yours where the retirement did not occur until more than three years after release from active duty and after the performance of drills and training duty as a member of the Organized Naval Reserve during portions of such three year period."

And again at a later date when the claim was again before the Comptroller General he used the following language:

"The action taken in 1948 which resulted in the placement of your name on the retired list included an original determination that your disability was incurred in line of duty at some previous time while serving on active duty but there was no determination that such disability actually incapacitated you for active service at the time of your release to inactive duty."

I think the Comptroller General is right. When each medical board that examined plaintiff both at the time of his release from active duty and at each time until October 13, 1947, found that while his condition was service connected it had not progressed to the degree of incapacitating him for military service; when he remained subject to call to active duty; when he was called and ac-

tually served a part of June 1947, it is unthinkable that a court would substitute its judgment for that of competent medical authority, disregard the action of the boards commissioned to pass on matters of this kind, and date recovery back to 1945 in the teeth of repeated findings of medical men who examined plaintiff personally and saw him face to face. The facts do not call for it, the practice of the Navy does not call for it, and I do not think the law calls for it.

On the other hand, I think it would be unjust not to allow retirement pay from October 13, 1947, as of which date the Retiring Board found that plaintiff's condition had reached the disabling stage.

LARAMORE, Judge (dissenting).

I respectfully dissent in this case for the reason the statute which provided the vehicle for the retirement of officers, 34 U.S.C.A. § 417, as amended, shows that the member is to be retired "when a retiring board finds" the disability and when the decision is approved by the Secretary. This statute, I believe, clearly suggests that thereupon and thereafter the officer becomes eligible for retired pay. Therefore, an officer would not be entitled to be retired until (1) the retiring board found his incapacity, (2) that such was an incident of service, and (3) the decision was approved by the Secretary.

In this case the findings of the retiring board were approved by the Secretary of the Navy on December 31, 1948. Plaintiff has been receiving retirement pay since that date, which I believe is all he is entitled to.

I would dismiss the petition.