Archibald F. SEABROOK

v.

The UNITED STATES.

No. 173–54.

United States Court of Claims.
May 1, 1956.

Donald H. Dalton, Washington, D. C., for plaintiff.

John R. Franklin, Washington, D. C., with whom was Geo. S. Leonard, Acting Asst. Atty. Gen., for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

JONES, Chief Judge.

Plaintiffs sues to recover the retired pay of a lieutenant for the period March

6, 1946, to August 30, 1948. Plaintiff has moved for judgment on the pleadings and defendant has moved for summary judgment. We state the facts as they appear from the pleadings and the stipulation of facts entered into between the parties.

Plaintiff was appointed an ensign in the United States Naval Reserve on July 22, 1942, and was called into active duty for an extended period on August 18 of that year. Thereafter he was promoted to lieutenant (junior grade) and then to lieutenant.

On November 7, 1945, a Board of Medical Survey recommended that plaintiff appear before a retiring board by reason of otitis media, chronic 543. Thereafter the Chief of the Bureau of Medicine and Surgery held that plaintiff was not incapacitated for active service because of this condition. On December 16, 1945, a Board of Medical Survey stated that plaintiff's disability, otitis media, chronic 543, was incurred in line of duty, as an incident of the service and recommended that plaintiff be returned to limited duty.

That same day plaintiff requested immediate release to inactive duty. On March 6, 1946, plaintiff was released from active duty by reason of demobilization. On July 18, 1947, plaintiff requested review of the decision of the Board of Medical Survey, dated December 16, 1945, under section 302(a) of the Servicemen's Readjustment Act of 1944, as amended, 58 Stat. 284, 287, 59 Stat. 623, 38 U.S.C.A. § 693i(a). He made this request to the Naval Medical Survey Review Board, Navy Department, Washington, D. C. That Board recommended that plaintiff not appear before a retiring board because plaintiff's disability did not render him unfit for useful active duty in the Naval service. Subsequently, however, the Naval Retirement Advisory Board recommended that plaintiff be authorized to appear before a retiring board.

On March 25, 1948, a Naval Retiring Board found as follows:

"The board, having deliberated on the evidence before it, decided that Lieutenant Archibald F. Seabrook, D, U. S. Naval Reserve, is incapacitated for active service by reason of deafness, bilateral; that his incapacity for naval service is permanent and is the result of an incident of the service, having been incurred subsequent to August 18, 1942, and suffered in the line of duty as a result of wounds received in action against an organized enemy of the United States, while employed on active duty pursuant to orders contemplating extended naval service in excess of thirty days.

"The board further decided that this officer's disability was incurred subsequent to October 1, 1944, the effective date of commencement of service in the grade of Lieutenant, to which grade he had been appointed for temporary service in time of war or national emergency, and prior to March 6, 1946, when he was released from active duty."

After some further administrative determinations, the Secretary of the Navy finally on July 30, 1948, approved the proceedings and findings of the Naval Retiring Board. On August 1, 1948, plaintiff was placed on the Physical Disability Retired List as a lieutenant commander with retired pay based on the rank of lieutenant. Plaintiff has received no compensation from the Navy for the period March 6, 1946, to August 1, 1948. He now sues to recover the retired pay of a lieutenant for that period.

As we construe its statement the Retiring Board found that plaintiff's condition became disabling while he was in active service and before his release to inactive duty. We have heretofore held that when a disease or injury is an incident of the service and became fully disabling prior to release to inactive service, retirement pay should begin when the active duty pay ceased. While it is not as clear as we would like, there appears to be no other reasonable conclusion from the Board's findings than that it intended

to fix the earlier date as the time when the injury reached the stage that it incapacitated plaintiff for active duty.

We find that plaintiff is entitled to recover retirement pay for such of the time prior to August 1, 1948, as is within six years of the time of filing his petition. The petition was filed May 3, 1954, thus fixing the date as May 3, 1948. Judgment will be entered in his favor for the period May 3, 1948, to August 1, 1948, when he was placed on the retired list with pay, the amount to be determined pursuant to Rule 38(c), 28 U.S. C.A.

Defendant's motion is denied.

It is so ordered.

MADDEN, WHITAKER, and LITTLETON, Judges, concur.

LARAMORE, Judge (dissenting).

I respectfully dissent for the reasons set forth in my dissenting opinion in the case of Holt v. United States, 140 F. Supp. 268.