Lakamoee, Judge,
delivered the opinion of the conrt:
Plaintiff, a former officer of the Army of the United States, retired for physical disability, seeks to recover the difference between the active-duty pay and allowances of a second lieutenant and the retirement pay of such an officer for the period from August 8, 1946, through October 1, 1946. He further seeks the difference between the retirement pay of a first lieutenant and that of a second lieutenant for the period from June 10,1947, to date of judgment.
The case arises on plaintiff’s and defendant’s motions for summary judgment.
The facts as disclosed by the petition, the motion, and exhibits, are as follows: Plaintiff enlisted in the Enlisted Reserves of the Army on September 22, 1942. He entered upon active duty in the Enlisted Reserves on July 9, 1943, and was honorably discharged therefrom on April 17, 1945, to accept a commission. He received and accepted an appointment as a second lieutenant in the Army of the United States on April 18,1945.
As a result of action by an Army retiring board, on July 3, 1946, plaintiff was on August 7, 1946, released to inactive duty in the rank of second lieutenant by reason of physical disability, without retirement pay. On August 16, 1946, *130 tie Secretary of War ordered that the findings of the July 3, 1946, retiring board he held in abeyance pending the reordering of the plaintiff to active duty for appearance before another retiring board. Pursuant to such order, plaintiff was recalled to active duty on October 2,1946, and appeared before retiring boards on January 13 and February 12,1947. Plaintiff was promoted to first lieutenant, Army of the United States, on January 2, 1947. The retiring boards found that plaintiff was incapacitated by reason of bilateral deafness, aggravated by service and the result of an incident of service. The findings were disapproved by the Secretary of War and plaintiff was thereupon again relieved from active duty by reason of physical disability on June 9,1947, in the rank of first lieutenant, without retirement pay.
On November 21,1947, the Army Disability Review Board reviewed the former retiring board proceedings, and the Secretary of the Army thereupon notified plaintiff that as a result of such review his incapacity was considered not to be the result of an incident of service. Upon plaintiff’s application, a rehearing was granted by the Disability Review Board on June 28, 1951. This board found plaintiff became permanently incapacitated for active service on May 27,1946, as a result of an incident of service and that plaintiff was entitled to be certified for retirement-pay benefits in the grade of first lieutenant.
By order of the Secretary of the Army, plaintiff was notified by letter of July 18, 1951, that the Disability Review Board’s findings had been approved and that he was being certified to the finance officer for retirement benefits under the Act of April 3,1939, 53 Stat. 555, 557, in the amount of $157.50 monthly, effective July 1,1951.
On June 25, 1953, as amended November 18, 1953, the plaintiff filed his claim to the Comptroller General of the United States for the active-duty pay provided by statute for a second lieutenant of more than 3 and less than 6 years’ service for the period August 8, 1946, through October 1, 1946; and the retired pay of a first lieutenant with like service for the period June 10, 1947, through June 30, 1951.
On March 15, 1954, the General Accounting Office, by certificate No. 2220609, paid plaintiff the sum of $7,158.38, *131 representing retroactive retired pay as a second lieutenant from August 8,1946, to October 1, 1946, and from June 10, 1947, to June 30, 1951. The settlement certificate set off from the amount paid plaintiff the sum of $517.86 and advised plaintiff as follows:
to liquidate indebtedness for overpayment of retired pay as first lieutenant from July 1,1951 to February 28, 1954, since claimant is not entitled to retired pay as a first lieutenant for the period from July 1, 1951. By virtue of the approved findings of the Secretary of War’s Disability Review Board established under section 302 of the Servicemen’s Readjustment Act of 1944, as amended, 38 U. S. C. 693i, his right to retirement pay is the same as if he had been certified immediately upon relief from active duty on August 7,1946, for retirement pay as a second lieutenant, and had been promoted to rank of first lieutenant on January 2, 1947, while serving as a retired officer on active duty. Thomas v. United States, 123 C. Cls. 507; Ramsey v. United States, 123 C. Cls. 504; and Frame v. United States, 124 C. Cls. 557. Under such circumstances his promotion could not affect his retirement pay following relief from a subsequent tour of active duty after promotion to first lieutenant, since his case is not covered by the act of June 23, 1943, 57 Stat. 249 (additional disability while serving in a higher grade on active duty) or by section 203 (a) of the act of June 29, 1948, 62 Stat. 1085 (active duty in the higher grade between September 9, 1940 and June 30, 1946).
On October 11, 1954, the plaintiff filed his application to the Army Board for Correction of Military Records, requesting a correction of his record to show a right to retirement pay in the grade of first lieutenant on June 10, 1947. On August 3, 1955, plaintiff was notified by the Assistant Secretary of the Army that his application was denied.
The question presented here is analogous to the situation presented in the case of Womer v. United States, 114 C. Cls. 415, and later followed by the court in the case of Hamrick v. United States, 120 C. Cls. 17; Thomas v. United States, 123 C. Cls. 507; Ramsey v. United States, 123 C. Cls. 504; and Frame v. United States, 124 C. Cls. 557. In each of the cases above cited, the plaintiffs were released by reason of physical disability; in each case a later board found plain *132 tiffs’ incapacity was an incident of service; in each case the court held plaintiffs were entitled to retired pay from the time of release from active duty until placement on tlie retired list with pay. In other words, as this court said in Hamrick v. United States, supra at 25, 26:
* * * The error was partly corrected when plaintiff was placed on the retired list on November 1,1946. But full correction of the error would require _ plaintiff’s being put in the same position he would be in had the erroneous determination not been made. If the retiring board had made a correct determination plaintiff would have received retired pay from the time his active duty pay ceased. A process of review is effective only to the extent that it is followed by action which removes the consequences of error. Section 802 (a) of the G. I. Bill of Bights is remedial. We would dilute the effectiveness of this remedial statute by holding that this plaintiff is entitled to something less than he would have had if the erroneous determination had not been made. See Robertson v. Chambers, 341 U. S. 37.
Thus in the instant case, the Disability Beview Board partly corrected the error by placing the plaintiff on the retired list with pay as of July 1, 1951. The General Accounting Office, following the decisions of this court above cited, completed the correction by paying plaintiff the amount which would have been due him had he been certified immediately upon relief from active duty on August 7, 1946. It naturally follows that if plaintiff is “put in the same position he would be in had the erroneous determination not have been made,” he would be put in the position of a second lieutenant retired for physical disability incurred as an incident to service. Since August 7, 1946, except for the time spent on recall to active duty, for which he apparently has been paid, plaintiff has been paid the retired pay of a second lieutenant retired for physical disability, which, under the decisions above cited, is exactly what was due him.
Plaintiff’s other claim for active-duty pay from August 8, 1946, through October 1, 1946, is also without merit. Plaintiff was released from active duty in the Army of the .United States on August 7, 1946, and having performed no active duty during this period is not entitled to active-duty *133 pay. The continuance or discontinuance of active-duty status is a matter within the discretion of the Secretary, and there is no authorization for payments of active-duty pay and allowances for a period during which officers are in an inactive status.
Defendant’s motion for summary judgment is granted, and plaintiff’s motion for summary judgment is denied. The petition is therefore dismissed.
It is so ordered.
MaddeN, Judge; WhitakeR, Judge; and JoNes, Chief Judge, concur.