Collins, Judge,
delivered the opinion of the court:
This case involves a claim, framed in two counts, for an increase in disability severance pay in the total amount of $1,197.60 under the provisions of sections 1203 and 1212 of Title 10 of the United States Code. There is no dispute as to any of the material facts, and therefore the controversy is appropriately before the court on the parties’ cross-motions for summary judgment. The court finds, as a matter of law, that, based on the particular facts of this case, plaintiff is not entitled to .recover either under its first or second count. Consequently, for the reasons hereinafter shown, defendant’s motion for summary judgment will be granted.
Plaintiff enlisted in the United States Coast Guard on November 10, 1960, and commenced active duty on February 12, 1961. He was released from active duty on June 8, 1964, in the rank of lieutenant (junior grade), United States Coast Guard Reserve. At the time of plaintiff’s release in 1964, he was considered physically fit for duty as a result of a physical examination for release taken on May 4 and 25, 1964. The report of the medical examination for release, dated May 25,1964, contained the diagnosis: “Spondylolisthe-sis [a type of back ailment] * * * substantiated by X-ray. Asymptomatic. * * * Fit for Full Duty; regarding back from orthopedic standpoint.”
On June 15, 1964, plaintiff was ordered to active duty for training, as an instructor, at the Reserve Training Center in Yorktown, Virginia. This duty lasted 82 days, beginning on June 15, 1964, and ending on September 4, 1964.
On May 28, 1965, plaintiff underwent a physical examination for the purpose of again entering upon active training duty for a period of 83 days. This time, however, the medical examiner found that plaintiff’s condition of spondylolisthesis rendered him physically unqualified for active duty or for retention in the United States Coast Guard Reserve. On June 28,1965, plaintiff was formally advised that he was not qualified for retention hi the Reserve and not qualified for transfer to the Retired Reserve. After notice of this disqualification, in July 1965, plaintiff requested a Physical *582 Evaluation Board to decide whether or not he was fit for retention in the service. The Coast Guard agreed to plaintiff’s request and plaintiff continued serving in the Reserve pending a final determination by the Board.
On September 14, 1965, plaintiff was informed by the Coast Guard that he was eligible for consideration for promotion to the grade of lieutenant, by a Reserve Officer Selection Board, which was to convene in the fall of 1965. However, plaintiff was not considered by this Selection Board in November 1965 because of the question of plaintiff’s physical qualifications for retention in the service. As a result, plaintiff’s consideration for promotion was delayed until the convening of another Selection Board in November 1966.
In August 1966, plaintiff was admitted to the United States Public Health Service Hospital, Baltimore, Maryland, for the purpose of a physical examination. Based on this examination a Board of Medical Survey confirmed the diagnosis of spondylolisthesis and recommended that plaintiff be separated from the Coast Guard because he was not physically fit for duty. Subsequently, on October 31, 1966, the Physical Evaluation Board, to which plaintiff had applied, found plaintiff unfit to perform the duties of his grade by reason of his physical disability. The Board further found that the disability was incurred while plaintiff was on active duty and entitled to basic pay, and that the disability was service-aggravated, permanent, and 20 percent disabling. The Board recommended that plaintiff be separated from the service with severance pay.
On February 24,1967, plaintiff was notified of his selection for promotion to the grade of lieutenant, subject to establishing that he was physically qualified. At a physical examination for promotion on March 13,1967, plaintiff was found not to be physically qualified.
On March 22, 1967, the Commandant of the Coast Guard approved the findings and recommendation of the Physical Evaluation Board and directed that plaintiff be discharged from the service with severance pay. Shortly thereafter, by letter dated March 31, 1967, the Commandant informed plaintiff that the actual payment of severance pay had to be approved by the Comptroller General. The Commandant *583 also informed plaintiff, by letter dated May 10, 1967, that plaintiff’s request for appointment to the grade of lieutenant was being denied by virtue of plaintiff’s physical disability, and, further, that plaintiff would be advised as to his Reserve status.
The Comptroller General, by a decision dated June 19, 1967,[1] ruled that there was no legal basis for payment of disability severance pay to plaintiff under the provisions of 10 U.S.C. § 1206 (1964), entitled “Members on active duty for 30 days or less; disability from injury: separation,” since he never served on active duty for a period of 30 days or less. Notwithstanding, the Comptroller General stated in the last sentence of his decision, “However, this decision is without prejudice to consideration of his case pursuant to 10 U.S.C. J 552,”[2] i.e., the Board for Correction of Military Records.[3]
Plaintiff, by application dated July 24,1967, requested the Board for Correction of Military Records to correct his record to show that his physical disability was such to have rendered him unfit to perform the duties of his grade when he was still on active duty and entitled to basic pay. This correction woidd make plaintiff eligible for disability severance pay under the provisions of 10 U.S.C. § 1203 (1964), which authorizes disability severance pay for members of the armed forces on active duty for more than 30 days. On September 1, 1967, when plaintiff’s application was still before the Correction Board, he was honorably discharged from the United States Coast Guard by reason of his physical disability. The Correction Board, in its decision dated May 10, 1968, recited the facts concerning plaintiff’s claim and then stated:
From the foregoing it appears that we are presented *584 with a situation which lacks an appropriate statutory remedy, actually falling between or outside the general provisions of Chapter 61, Title 10. There is no question that the petitioner was unfit for further duty by reason of a physical disability aggravated by his active duty service. The Chief Medical Officer of the Coast Guard also concurs with this view. The problem lies in the time of the discovery and rating of this disability and the petitioner’s military status with regard bo statutory requirements. We feel it is manifestly unjust to hold that the petitioner was unfit for duty by reason of a service-aggrmated disability and, on the other hand, deny him severance pay on the basis that, at the time of this determination, he was not entitled to receive base pay. We believe that the recommendations of the Physical Evaluation Board, as approved by the Physical Review Council, should be effectuated.
We therefore find and conclude that this purpose might best be accomplished by changing the petitioner’s record to show that he was unfit to perform the duties of his rank on September 4,1964, the day he was released from summer ACDTJTRA in Yorktown, Virginia, and that his disability was spondylolisthesis, or spine injury, which condition was aggravated while he was entitled to receive basic pay and which condition was ratable as 20% disabling under Code 5285 of the Veterans Administration' Schedule for Rating Disabilities. It should be noted that, at the time of his release physical in August 1964, the petitioner was in fact unfit for duty although the disabling quality of the injury was not then recognized. Therefore, the petitioner’s record should also be changed to reflect that the foregoing facts as to unfitness, percentage of disability, and severance pay, were established under the procedures in Chapter 61, Title 10, U.S. Code, prior to September 4, 1964. [Emphasis added.]
Thus, the Correction Board changed plaintiff’s record to show that he was discharged with severance pay on September 4, 1964, while serving as a lieutenant (j.g.). This correction rendered plaintiff physically unfit to serve on September 4,1964, his last day of active duty, thereby entitling plaintiff to receive disability severance pay under the provisions of 10 U.S.C. § 1203 (1964).
Plaintiff took exception to the September 4, 1964, separation date, and again applied to the Correction Board, requesting that his actual separation date of September 1, 1961, be *585 reinstated in lien of September 4, 1964, because the effect of the 1964 date reduced the amount of disability severance pay to which he was allegedly entitled. This so-called “reduction” was caused by the enactment of two congressional pay raises for members of the armed forces between 1964 and 1967,[4] and because plaintiff’s basic pay would have been affected by an increase in longevity from 3 years to 6 years between 1964 and 1967.[5] Additionally, in his second application to the Correction Board, plaintiff requested that he be promoted to the grade of lieutenant in the Inactive Reserve.
The Correction Board, by letter dated January 15, 1969, denied plaintiff’s requests in his second application and affirmed the separation date of September 4, 1964:
$ $ $ $ ‡
As you know, when the Correction Board takes affirmative action on any petition, it changes a serviceman’s record to most accurately reflect facts as they would home to exist in order to reach a given result. Any such change, however, must be in accord with whatever prevailing laws, policies, or regulations might affect the operative facts.
In your situation, we altered your record to show that on the last day of your last period of ACDUTRA in 1964, you were found unfit to perform the duties of your rank by reason of physical disability and thereupon discharged with severance pay pursuant to this finding. It was because of the Comptroller Generáis interpretation of the lanas regarding separation for such physical disability that it was necessary for us to date this finding as of a time when you were still entitled to basic pay.
It is noted that your physical examination prior to another period of ACDIJTRA in 1965 disclosed the disabling qualifies [sic] of your back ailment which had been first detected in 1964. By letter dated June 29,1965, you were informed that you were not physically qualified for retention in the Reserve. Hence, it was in June 1965, that you were initially determined to be, and were in fact, unfit for further duty. At that time, of course, you were not entitled to basic pay and hence not entitled to the benefits available under Chapter 61, 10 U.S. Code. After reviewing your first application, the Board concluded that cmy doubts it entertained should be resolved *586 in yowr fmor and that severance pay should be a/warded for a service aggravated disability. Accordingly, it recommended the appi-opriate change to support such entitlement.
We must emphasize that in actual practice, once a member has been found physically unfit for further duty, under no circumstances is he retained 'beyond the time reasonably necessary to administratively accomplish his separation. The assertion that separation need not seasonably follow the determination of unfitness is not only contrary to regulation but is totally inconsistent with the disabled status.
# # # Hí ❖
Finally, you contend that the Board should grant, along with the other relief which you seek, a promotion to the rank of lieutenant in the inactive reserve. With respect to this, we have been advised that, unlike members of the regular service, members of the inactive reserve must undergo a physical examination prior to actual promotion to higher rank. In view of your record as corrected, it is apparent that the disabling quality of your back ailment would have disqualified you from such subsequent promotion.
In reaching a decision on a reguest such as yov/rs, we often find it necessary to weigh the eguities of each situation and attempt to achieve what we consider to be a reasonable balance. For the reasons outlined above, we believe that we have accomplished this in yowr situation, despite yowr assertions to the contrary. Therefore, we are not presently disposed to take further action on your most recent petition. [Emphasis added.]
On July 24, 1969, plaintiff accepted $3,691.20, as severance pay, based on the September 4,1964, separation date, having executed the required release form which he returned with an accompanying letter stating that said release should not affect claims arising out of 'his second application to the Correction Board.[6]
Plaintiff seeks monetary relief in this court on two counts. In the first count plaintiff seeks recovery of the difference between (1) the disability severance pay of a lieutenant (j.g.), which he has received, computed on the monthly basic pay rates and longevity effective on the corrected date of *587 bis discharge, September 4,1964, and (2) the disability severance pay of a lieutenant (j.g.) computed on the monthly basic pay rates and longevity effective on the date of his actual discharge, September 1, 1967.[7]
In his second count plaintiff seeks recovery of the difference between (1) the disability severance pay received as a lieutenant (j.g.) effective on the corrected date of September 4, 1964, and (2) the disability severance pay that would be due plaintiff if computed on the monthly basic pay rates and longevity effective in September 1967 of a full lieutenant, the grade to which plaintiff allegedly would have been promoted except for his physical disability.[8]
COTJNT I
The issue before the court under this count is whether plaintiff’s disability severance pay should be computed as of September 1, 1967, the actual date of plaintiff’s separation from the Coast Guard, or September 4, 1964, the corrected date of separation, as determined by the Board for Correction of Military Records. The pertinent statute, 10 U.S.C. § 1203 (1964),provides:
§ 1203. Regulars and members on active duty for more than 30 days: separation.
Upon a determination by the Secretary concerned that a member of a regular component of the armed forces entitled to basic pay, or any other member of the armed *588 forces entitled to basic pay wbto has been called or ordered to active duty (other than for training under section 270(b) of this title) for a period of more than 30 days, is unfit to perform the duties of his office, grade, rank, or rating because of physical disability incurred while entitled to basic pay, the member may be separated from his armed force, with severance pay computed under section 1212 of this title, if the Secretary also determines that * * * [among other things, the disability is or may be of a permanent nature, is rated at less than 30 percent disabling, and is service-connected].
The computation provision, 10 U.S.C. §1212 (1964), provides in pertinent part:
§ 1212. Disability severance pay.
(a) Upon separation from his armed force under section 1203 or 1206 of this title, a member is entitled to disability severance pay computed by multiplying (1) his years of service, but not more than 12, computed under section 1208 of this title, by (2) the highest of the following amounts:
(A) Twice the amount of monthly basic pay to which he would be entitled if serving (i) on active duty on the date when he is separated and (ii) in the grade and rank in which he was serving on the date when his name was placed on the temporary disability retired list, or if his name was not carried on that list, on the date when he is separated. *****
(C) Twice the amount of monthly basic pay to which he would be entitled if serving (i) on active duty on the date when his name was placed on the temporary disability retired list or, if his name was not carried on that list, on the date when he is separated, and (ii) in the permanent regular or reserve grade to which he would have been promoted had it not been for the physical disability for which he is separated and which was found to exist as a result of a physical examination for promotion.
Plaintiff asserts that 10 U.S.C. § 1203, supra, does not require or authorize the fictional relation back of the separation date to the date of his release from active duty, i.e., contemporaneous separation is not a condition precedent to eligibility for severance pay. Likewise, he argues that 10 U.S.C. § 1212, supra, does not require the fictional relation back of *589 his separation date, i.e., the proper construction of this section does not require that plaintiff actually be serving on active duty when separated from the service. The court, however, finds this proffered construction of 10 U.S.C. §§ 1203, 1212, supra, to be strained and not in accordance with the plain wording of these statutory sections.
The thrust of the defendant’s contention is that the Correction Board has put plaintiff in the same position as he would have been had a determination been made on September 4, 1964, the last day of his active service, namely, that plaintiff was physically unfit for duty. In support of this argument, defendant relies on a line of precedents in this court which were concerned with the correction of military records in retirement pay cases. In these cases the principle was established that, “full correction of the error would require plaintiff’s being put in the same position he would be in had the erroneous determination not been made.” Hamrick v. United States, 120 Ct. Cl. 17, 25, 96 F. Supp. 940, 943 (1951). See also Frame v. United States, 124 Ct. Cl. 557, cert. denied, 345 U.S. 994 (1953); Thomas v. United States, 123 Ct. Cl. 507 (1952), cert. denied, 345 U.S. 994 (1953); Ramsey v. United States, 123 Ct. Cl. 504, 107 F. Supp. 957 (1952), cert. denied, 345 U.S. 994 (1953); Worrier v. United States, 114 Ct. Cl. 415, 84 F. Supp. 651 (1949).
Plaintiff objects to the defendant’s reliance on the cases cited in the preceding paragraph because they dealt with retirement pay and not severance pay. He distinguishes these two types of servicemen’s benefits on the grounds that (1) disability retirement requires a greater percentage of disability, or more years of active service than disability severance, and (2) in terms of monetary payment disability retirement means lifelong or indefinite monthly payments, whereas disability severance means one lump-sum payment. In addition, plaintiff asserts that the statement in Hamrick, quoted supra, is not a holding, but mere dictum designed to result in the remedial application of the disability retirement statute. Plaintiff submits that, in the case at bar, the fictional relation back of the date of his separation is not a remedial application of the severance pay statute since it results in a dilution of his benefits.
*590 In Hamrick, as well as in the other cases cited supra, retiring boards had erroneously determined that the retiring officers’ incapacities were not service incurred. This resulted in the officers being released from active duty without pay. Retiring review boards subsequently corrected this error and found that the incapacities were service incurred. The officers were then placed upon the disability retirement list, with retirement pay, effective as of the date of the retirement. In Hamrick this court stated:
Plaintiff’s retiring board decided that his incapacity was not the result of an incident of the service. It was in error. As a result of its erroneous finding plaintiff was released from active duty without pay. The Naval Retiring Review Board found what must now be regarded as having been from the first the correct fact: plaintiff’s incapacity was the result of an incident of the service. The error was partly corrected when plaintiff was placed on the retired list on November 1, 1946. But full correction of the error would require plaintiff’s being put in the same position he would be in had the erroneous determination not been made. If the retiring board had made a correct determination plaintiff would have received retired pay from the time his active duty pay ce'ased. A process of review is effective only to the extent that it is followed by action which removes the consequences of error. Section 302(a) of the Gr.I. Bill of Rights is remedial. We would dilute the effectiveness of this remedial statute by a holding that this plaintiff is entitled to something less than he would have had if the erroneous determination had not been made. * * *
120 Ct. Cl. at 25-26, 96 F. Supp. at 943 (footnotes omitted). See also Forshew v. United States, 151 Ct. Cl. 597 (1960); Palmer v. United States, 139 Ct. Cl. 376 (1957); Kilbanks v. United States, 139 Ct. Cl. 128 (1957); Updike v. United States, 132 Ct. Cl. 627, 132 F. Supp. 957 (1955). Although Hamrick and the other cases cited arose under disputes concerning retirement pay, the court believes that the equitable principle established by these cases should be applied to the plaintiff in the instant case. If no error had been made, plaintiff would have been separated from the service in 1964 due to his physical condition. In essence the Correction Board did plaintiff a good turn by correcting his records to permit him to be entitled to severance pay since the Comptroller *591 General bad ruled that he was not entitled to any severance pay. The defendant in its brief aptly points out that,
[pjlaintiff has put himself in the anomalous position of claiming an additional amount [of disability severance pay] on the basis of the original record which, if it still existed, would not entitle him to any disability severance pay whatever because he was not entitled to basic pay on September 1, 1967, while also claiming the benefit of the corrected record which gives him the right to disability severance pay pursuant to 10 U.S.C. 1203, supra, as of September 4, 1964.
Plaintiff cannot have it both ways!
Section 1552 of Title 10 of the United States Code, supra note 3, is remedial in nature. It empowers the Secretary, acting through the Correction Board, with discretionary authority to correct records in order to rectify an error or remove an injustice. The court does not find that the Correction Board, in its implementation of the disability severance pay statute by correction of plaintiff’s record to enable him to be entitled to benefits thereunder, was arbitrary, capricious, unsupported by substantial evidence, or not in accordance with applicable laws, regulations, or policies. Therefore, plaintiff cannot prevail. Walters v. United States, 175 Ct. Cl. 215, 221-22, 358 F. 2d 957, 960 (1966). The Correction Board indeed was concerned with the removal of an injustice. This is clearly reflected in its decisions, quoted supra. The injustice was removed by placing plaintiff in the same position he would have been had no error been made. This was all that plaintiff was entitled to receive.
'COUNT II
Because the court has decided the claim presented in the first count adversely to plaintiff, he is precluded from recovery under his second count. In the first count the court has ruled that the Correction Board properly corrected plaintiff’s record to show that he was separated from the service on September 4,1964. This being so, plaintiff cannot possibly recover for an increase in severance pay based on an appointment to the grade of lieutenant which allegedly would have occurred subsequent to his separation on September 4, 1964.
*592 Conclusion
Accordingly, for tbe reasons given above, plaintiff’s motion for summary judgment is denied under Counts I and II; defendant’s cross-motion for summary judgment under both counts is granted; and the petition is dismissed.

 46 Comp. Gen. 867 (1967).

 Id. at 869.

 10 U.S.C. § 1552(a) (1964) provides:
“(a) The Secretary of a military department, under procedures established by him and approved by the Secretary of Defense, and acting through boards of civilians of the executive part of that military department, may correct any military record of that department when he considers it necessary to correct an error or remove an injustice. Under procedures prescribed by him, the Secretary of the Treasury may in the same manner correct any military record of the Coast Guard. Except when procured by fraud, a correction under this section is final and conclusive on all officers of the United States.” [Emphasis added.]

 Act of Aug. 21, 1965, Pub. L. No. 89-132, 79 Stat. 545; Act of July 13, 1966, Pub. L. No. 89-501, § 301, 80 Stat. 276.

 See 37 U.S.C. S§ 205(a)(1), (2) (F) (1964).

 The court does not consider the legal effect of the “qualified” release neces-saryi to Its decision in this case, and accordingly finds it unnecessary to pass upon the merits of the release as an affirmative defense of the defendant.

 The monthly basic pay In September 1964 for a lieutenant (j.g.) with over 3 years of service was $461.40. Act of Aug. 12, 1964, Pub. L. No. 88-422, 78 Stat. 395. Monthly basic pay in September 1967 for a lieutenant (j.g.) with over 6 years of service was $532.50. Act of July 13, 1966, Pub. L. No. 89 — 501, § 301, 80 Stat. 276. Therefore, disability severance payi computed under 10 U.S.C. § 1212(a) (A) (1964) in plaintiff’s grade of lieutenant (j.g.) based on a separation date of September 4, 1964, amounts to $3,691.20 (LTJG at $461.40 x 4 x 2).
If September 1, 1967, is used as the separation date, the disability severance pay under 10 U.S.C. § 1212(a) (A) would have amounted to $4,260 (LTJG at $532.50 x 4 x 2).
Plaintiff’s first count is for the difference between these two amounts : $4,260 minus $3,691.20, or $568.80.

 If September 1, 1967, is used as the separation date, the disability severance pay of a full lieutenant under 10 U.S.C. § 1212(a) (C) (1964) would have amounted to $4,888.80 (LT at $611.10 x 4 x 2). Act of July 13, 1966, Pub. L. No. 89-501, § 301, 80 Stat. 276.
The disability severance pay of a lieutenant (j.g.), using September 1, 1967, as the separation date, amounts to $4,260, Supra note 7.
Plaintiff’s second count is for the difference between these two amounts: $4,888.80 minus $4,260, or $628.80.