**Donald A. MCDOUGALL, Plaintiff,**

v.

**Sheila WIDNALL, Secretary of the Air Force, Defendant.**

**No. Civ.A. 97–1751(JLG).**

United States District Court, District of Columbia.

Sept. 30, 1998.

---

John A. Wickham, Evergreen, CO, for Plaintiff.

Gregg Addington, Lisa Barsoomian, Assistant United States Attorneys, Washington, DC, for Defendant.

## MEMORANDUM

JUNE L. GREEN, District Judge.

This matter is before the Court on cross-motions for summary judgment, pursuant to Federal Rule of Civil Procedure 56(a). The Plaintiff, Mr. Donald A. McDougall ("Mr.McDougall"), brought this action seeking reversal of a decision by the Air Force Board for Correction of Military Records ("AFBCMR") in which the AFBCMR denied his request for a correction of his military record. For the reasons set forth below, the Court grants Defendant's Motion for Summary Judgment, and denies the Plaintiff's Motion for Summary Judgment.

### Background

A review of the cross-motions for summary judgment reveal that the parties agree on all material facts necessary for this Court to make a ruling of summary judgment.

Plaintiff, Mr. McDougall, is a retired United States Air Force Captain. Widnall is the Secretary of the Air Force. During all relevant times, Plaintiff was a United States Air Force Captain. In 1992, Plaintiff was first considered for promotion to the rank of Major. *See* Complaint, ¶ 6. In October of 1992, a Promotion Recommendation Form ("PRF")[1] was prepared by Plaintiff's senior rater (the officer who prepares the promotion recommendation) for the exclusive use by the Calendar Year 1992 Major's Selection Board convening in December 1992. Plaintiff's senior rater was Colonel Kenneth Hess. This was Plaintiff's first consideration for promotion to Major.

The PRF is prepared by a senior rater who reviews an officer's entire record of past performance in the Air Force, and then writes narrative comments highlighting the

1. Plaintiff's Air Force Form 709, Promotion Recommendation for FY 1993 Major's selection board.

officer's most significant accomplishments and the level of performance of these duties. *See* USAF OFFICER'S GUIDE TO THE OFFICER EVALUATION SYSTEM (1988) (hereinafter "GUIDE"). These narrative comments are intended to support the subsequent recommendation award in the PRF where the senior rater marks one of three blocks labeled "definitely promote," "promote," or "do not promote." *Id.* ¶ 4–2.

Plaintiff's PRF for the Calendar Year 1992 Major's Selection Board included the following statements:

> Personally manages a 28 week, 240 hour Undergraduate Pilot Training (UPT) program. Provides outstanding flight instruction to student pilots in a extremely demanding flying environment, requiring superior skill and judgment in the T–28 supersonic aircraft and the T–51 flight simulator in accordance with a highly complex syllabus of instruction.

> —Proven leadership in war and peace mark this officer as a rising star.

> —Demonstrated outstanding aviation skills in B–52 combat operations: upgraded to aircraft commander, flight commander, instructor pilot in minimum time

> —As flight lead, destroyed key targets in Iraq and Kuwait during Desert Storm

> —Outstanding staff skills highlight his versatility

> —Air component plans officer to US-SOUTHCOM, wrote joint war plan to defend Panama Canal

> —Coordinated air operations and beddown of forces in Panama for Operation Just Cause

> —Developed USOUTHCOM'S strategy for counter narcotics operations in Latin America

> —Outstanding performance in ATC evidence by exceptional student check ride pass rate

AF Form 709 (Aug.1988).

This PRF prepared by Colonel Hess awarded Plaintiff with a "promote" recommendation. *Id.* However, Plaintiff was not selected for promotion by the Calendar Year 1992 Major's Selection Board. *See* Complaint, ¶ 10.

Mr. McDougall claims that the characterizing comments in the 1992 PRF were conspicuous in their colorless description of his performance of his duties, and other omitted language otherwise recommending the timing of Mr. McDougall's promotion, attendance at advanced professional schooling, and potential. *See* Complaint, ¶ 9. Plaintiff was told during a performance records review with his senior branch official, Lieutenant Colonel Smith, that the lackluster description of his duty performance and other omitted language in section IV of his PRF was the single greatest factor prejudicing his favorable consideration for promotion in the 1992 Major's Selection Board. *See* Complaint, ¶ 11.

In April of 1993, Lieutenant General ("LTG") Eugene Habiger, acting in his capacity as president of the Management Level Evaluation Board ("MLEB") responsible for quality control of all PRFs, issued a letter to Colonel Hess and other senior raters articulating his policy statement on how PRFs should be written. Criticizing the senior raters for poorly written PRFs, LTG Habiger outlined specific directions to Colonel Hess on how to write appropriate PRFs. *See* Administrative Record ("AR") at 23–24.

Soon thereafter, Air Training Command ("ATC") conducted a formal briefing for ATC senior raters to effect LTG Habiger's PRF instructions for writing the PRFs as part of the continuing MLEB quality control process. The briefing included the Director of Personnel for ATC selecting Mr. McDougall's 1992 PRF written by Colonel Hess as an example of a poorly written PRF. The Director then used briefing slides to suggest how the PRF should have been written. *See* Presentation.

After this briefing, Plaintiff, as part of an appeal of his promotion nonselection, asked Colonel Hess to rewrite the 1992 PRF based upon the corrected language in the ATC briefing slides. Colonel Hess refused.

In 1993, Plaintiff was again considered for promotion to Major. Colonel Hess prepared a PRF for the Calendar Year ("CY") 1993 Major's Selection Board in connection with Plaintiff's promotion recommendation. *See* Complaint ¶ 8; AR at 21. The 1993 PRF included the following statements:

—One of the Air Forces' best—a combat veteran, a proven leader, and a blue-chip officer

—As B-52G Flight Commander and IP, demonstrated exceptional leadership and potential

—Destroyed key targets in Iraq and Kuwait during Desert Storm—destroyed Saddam's will to fight

—Led four bombers critically low in fuel to post attack air refueling and subsequent safe recovery

—Outstanding staff skills and plans expert—"the best trained deliberate planner in this Air Division"

—Authored USSCOUTHCOM war plan to defend Panama—Air Force liaison to Panamanian Defense Force

—Brilliantly coordinated air operations and beddown of forces in Panama for operation JUST CAUSE

—As T-28 IP and IMSO, the key diplomat for USAF in hosting our allied forces' future leaders

—Mac is a superstar with loads of potential—promote now and select for ISS

*See* AR at 21.

As in the 1992 PRF, Plaintiff was awarded a "promote" recommendation for the Calendar Year 1993 Major's Selection Board. *Id.* Plaintiff was not selected for promotion to Major by the CY 1993 Major's Selection Board.

In Plaintiff's 1993 PRF written by Colonel Hess, many of the narrative comments were adopted from the 1993 ATC briefing slides that were used by MLEB as a model for a well-written PRF.

In December 1993, Plaintiff was notified that he had been twice non-selected for promotion to Major and would be involuntarily separated from the Air Force no later than September 1, 1994.

Plaintiff elected to retire after 15 years of service on July 1, 1994, in lieu of separation, pursuant to 10 U.S.C. § 632(a)(2). *See* Complaint, ¶¶ 19, 20; AR at 16.

In 1994, Plaintiff sought relief from the Air Force Board for Correction of Military Records appealing the 1992 PRF and seeking promotion reconsideration. Plaintiff claimed that the 1992 PRF prepared by Colonel Hess was inaccurate and warranted correction or removal by the AFBCMR. *See* AR at 8–15. Plaintiff claimed that the 1992 PRF was not "reflective of [Plaintiff's] true potential" because it "lacks the requisite wording and does not connote the same favorable meaning as does the subsequent [CY93] PRF." *See* AR at 10. Specifically, Plaintiff requested that the 1992 PRF be expunged from his record, or, alternatively, that the phrases "promote now" and "send to ISS" be added to the PRF. *See* AR at 9. The AFBCMR denied Plaintiff's request in a letter which noted that Plaintiff had not provided the requisite statement from his senior rater (Colonel Hess) to support the assertion that the 1992 PRF was erroneous. The letter also explained that Plaintiff's request for correction of the PRF should be denied because it "was merely an attempt on the applicant's part to rewrite the PRF to enhance his chances for potential." *See* AR at 56. Plaintiff now seeks judicial review of the AFBCMR decision.

Plaintiff complains that, although the 1993 PRF contained the favorable language advocated in the 1993 ATC briefing slides, Plaintiff's second consideration for promotion was prejudiced by the record of the first promotion nonselection. Plaintiff's complaint is that the denial by the Air Force Board for Correction of Military Records was arbitrary and capricious, an abuse of discretion, and contrary to law and Air Force regulation. Plaintiff requests that Defendant be ordered to set aside as defective Plaintiff's 1992 Promotion Recommendation Form and expunge

the PRF from Plaintiff's records. Plaintiff requests that the promotion nonselections to Major be expunged from his personnel files, and that this case be remanded to the Air Force for two promotion reconsiderations to Major through a Special Selection Board. *See* Complaint, p. 9.

Defendant Widnall moves for summary judgment, stating that there exists no genuine issue of material fact, and that the decision by the AFBCMR not to modify Plaintiff's 1992 PRF was not arbitrary, capricious, or erroneous.

### Discussion

 Jurisdiction is conferred on this Court by the Administrative Procedure Act, as amended, 5 U.S.C. § 702 and § 706(2)(A). All of Plaintiff's administrative remedies have been exhausted. The denial of an application for correction is final agency action reviewable under the Administrative Procedure Act ("APA"). *See Miller v. Lehman*, 801 F.2d 492, 496 (D.C.Cir.1986).

In order for a court to grant summary judgment, there must be no genuine issue of material fact, and the undisputed facts must entitle the moving party to judgment as a matter of law. *See* Fed.R.Civ.Pro. 56(c); *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). This Court must determine whether any material facts are in dispute regarding the AFBCMR's decision not to correct Plaintiff's military records.

 The Secretary of the Air Force, acting through the AFBCMR, "may correct any military record ... when he considers it necessary to correct an error or remove an injustice." 10 U.S.C. § 1552(a). The Court can review this decision under the APA to determine if the decision was arbitrary or capricious, unsupported by substantial evidence, or erroneous in law. 5 U.S.C. § 706(2)(a). Under this standard, Plaintiff has the burden of showing by cogent and clearly convincing evidence that the military decision was the product of a material legal error or injustice. *Wronke v. Marsh*, 787 F.2d 1569, 1576 (Fed.Cir.), *cert. denied*, 479 U.S. 853, 107 S.Ct. 188, 93 L.Ed.2d 121 (1986); *Walker v. Shannon*, 848 F.Supp. 250

(D.D.C.1994); *Dorl v. United States*, 200 Ct. Cl. 626, 633, *cert. denied*, 414 U.S. 1032, 94 S.Ct. 461, 38 L.Ed.2d 323 (1973). The officers of the AFBCMR in this case, as public officials, are presumed to have discharged their duties lawfully and in good faith. *See Hoffman v. United States*, 894 F.2d 380, 385 (Fed.Cir.1990). This Court must review the decision of the AFBCMR through an examination of the administrative record of the proceedings before the AFBCMR, rather than a *de novo* review of Plaintiff's claims. *See Camp v. Pitts*, 411 U.S. 138, 142, 93 S.Ct. 1241, 36 L.Ed.2d 106 (1973); *Florida Power and Light v. Lorion*, 470 U.S. 729, 105 S.Ct. 1598, 84 L.Ed.2d 643 (1985).

This standard of review requires great deference to the decision by the AFBCMR in this case. The record fails to show any material error in either PRF issued by Colonel Hess on behalf of the Plaintiff. It is clear that the Plaintiff is dissatisfied with the first PRF, but a comparison of the two PRFs evinces no discernable arbitrariness, capriciousness, or error on the part of the AFBCMR. Both PRFs contain highly laudatory, and apparently well-deserved remarks about the Plaintiff's service in the military. Both PRFs conclude with the same final promotion recommendation—"promote." Clearly, Plaintiff would prefer both PRFs to contain a recommendation to "promote immediately," but the Court is loathe to tread a path reserved for the United States military. Indeed, the Court cannot. *See e.g., Orloff v. Willoughby*, 345 U.S. 83, 93, 73 S.Ct. 534, 97 L.Ed. 842 (1953) ( "[J]udges are not given the task of running the Army.")

Plaintiff argues that the AFBCMR erred in denying his request to have his 1992 PRF reworded. Plaintiff relies on *Kreis v. Sec'y of the Air Force* to support this argument. 866 F.2d 1508 (D.C.Cir.1989). *Kreis* dealt with a request for a retroactive promotion. Unlike the present case, the plaintiff in *Kreis* had an uncomplimentary incident removed from his records, and he claimed that the void affected his non-promotion. In the present case, the Plaintiff is not asking for retroactive promotion, but rather a correction of military records. Additionally, here, Plaintiff is not asking for a removal of an

erroneous report in his records; rather, he is asking for an enhancement of the wording in the 1992 PRF.

 Plaintiff argues that Colonel Hess' decision in writing Plaintiff's 1993 PRF to adopt language suggested by the briefing slides presented by the ATC indicates that Colonel Hess considered the 1992 PRF to be in error. This assumption is illogical. The Court can postulate many reasons why Colonel Hess may have incorporated language in Plaintiff's 1993 PRF suggested by the ATC briefing, one being that Colonel Hess may have been attempting to accommodate Plaintiff's wishes to a degree the Colonel felt Plaintiff deserved. Moreover, not all of the language suggested in the ATC briefing was incorporated in Plaintiff's 1993 PRF written by Colonel Hess. Many laudatory phrases, such as "war hero" and "best bomb scores" were not adopted in the 1993 PRF, while Colonel Hess originated very laudatory phrases (e.g., "destroyed Saddam's will to fight"), which were not suggested in LTG Habiger's briefing. At any rate, the differences between the 1992 PRF and the 1993 PRF are stylistic; not that one is clearly erroneous and the other is clearly correct. As stated, the Court finds both PRFs praiseworthy. The AFBMCR's decision not to modify Plaintiff's PRFs merely to reflect stylistic changes is a military decision that precludes Court intervention. "Courts cannot substitute their judgment for that of the military departments when reasonable minds could reach differing conclusions on the same evidence." *Heisig v. United States,* 719 F.2d 1153 (Fed.Cir.1983).

There are many factors which affect military promotion. The USAF Officer's Guide to Officer's Evaluation System clearly outlines many reasons, one being that rank stagnation may occur if too many officers are promoted at the same time. *See* GUIDE, ¶ 4–2. While Plaintiff's service in the military may have been excellent, as both PRFs indicate, this would not necessarily ensure a recommendation of "promote immediately" in the face of rigid competition.

Moreover, the quality control by the Management Level Evaluation Board, effected in briefings such as the one conducted by ATC in 1993, is a continuing process. Plaintiffs' 1992 PRF should no more be modified because of LTG Habiger's suggestions than should any other PRFs written prior to the ATC slide show briefing. If this were the case, the military would be burdened with changing recommendation forms and decisions *ex post facto.*

### Conclusion

Insofar as both of Plaintiff's PFRs were highly commendatory, and Plaintiff is objecting merely to the stylistic differences, in accordance with the reasons set forth above, the Court holds that the decision of the AFBCMR is not arbitrary and capricious and, furthermore, that there are no genuine issues of material fact in this case. Therefore, the Defendant's Motion for Summary Judgment is GRANTED, and the Plaintiff's Motion is DENIED.