### Mary G. BLISS,[1] Plaintiff,

### v.

1. On August 19, 2003, the court granted an unopposed and timely motion by the plaintiff's counsel to substitute Mary G. Bliss—the mother of Captain Theodore A. Bliss and the executrix of his estate—for Captain Bliss, who passed away on August 15, 2002. Order dated Aug. 19, 2003 (citing FED.R.CIV.P. 25). For the sake of clarity in the analysis of the parties' motions, however, all references to the plaintiff refer to Captain Bliss.

Hansford T. JOHNSON,[2] Acting
Secretary of the Navy,
Defendant.

Civil Action No. 01–1916 (RMU).

United States District Court,
District of Columbia.

Aug. 29, 2003.

David P. Sheldon, Steven H. Wishod,
Law Offices of David P. Sheldon, Washington, DC, for plaintiff.

Lisa Barsoomian, Office of the U.S. Attorney for the District of Columbia, Washington, DC, for defendant.

2. When a public officer is a party to an action in his official capacity and ceases to hold office during the pendency of the action, the officer's successor automatically substituted as the party. FED R. CIV. P. 25(d)(1). Accordingly, Hansford T. Johnson substitutes as the proper defendant. *Id.*

## MEMORANDUM OPINION

URBINA, District Judge.

GRANTING THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; DENYING THE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

### I. INTRODUCTION

This matter comes before the court on the parties' cross-motions for summary judgment. The plaintiff brings suit against the Secretary of the Navy ("the defendant") under the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 *et seq.*, and 10 U.S.C. § 1372(3), challenging a decision by the Board for Correction of Naval Records ("BCNR") denying the plaintiff the rank of major at retirement. The plaintiff asks the court to reverse the BCNR's decision, declare that the plaintiff attained the rank of major, and award damages for back pay accordingly. In response, the defendant contends that the BCNR's denial of the plaintiff's request for the rank of major did not violate the APA, and that this court lacks authority to grant the plaintiff the relief he seeks. Because the plaintiff has not shown by clearly convincing evidence that the defendant has failed to provide a satisfactory explanation for the BCNR's denial of the plaintiff's petition, the court grants the defendant's motion for summary judgment and denies the plaintiff's motion for summary judgment.

### II. BACKGROUND

#### A. Factual Background [3]

The plaintiff enlisted in the United States Marine Corps ("USMC") in 1979 and entered active duty as a commissioned officer in 1980. Def.'s Statement of Undisputed Material Facts ("Def.'s Statement") ¶ 1; Admin. R. vol. A ("ARA") at 26, 28, 46–49. In November 1992, after twice failing to be selected for promotion and pursuant to statutory requirements, the plaintiff was discharged from active duty.[4] Def.'s Statement ¶ 2 (citing 10 U.S.C. § 632); Pl.'s Additional Statement of Undisputed Material Facts ("Pl.'s Statement") ¶ 1; ARA at 24.

Upon his discharge, the plaintiff accepted a commission as a captain in the USMC Reserve. Def.'s Statement ¶ 3; Pl.'s Statement ¶ 2; ARA at 24; Admin. R. vol. B ("ARB") at 25, 138–39. In December 1993, a reserve promotion selection board selected the plaintiff for promotion to the rank of major. Def.'s Statement ¶ 4; Pl.'s Statement ¶ 4.

In June 1994, seven months after his promotion to major in the USMC Reserve, the plaintiff suffered a seizure and underwent surgery for a brain tumor. Def.'s Statement ¶¶ 5–6; ARA at 58; ARB at 72, 112–19. In October 1994, the plaintiff received notice that he was not eligible for USMC Reserve disability benefits, but

---

3. Under Local Civil Rule 56.1, the party moving for summary judgment must attach to its motion a statement of undisputed material facts and the party opposing the motion must respond with a statement of disputed material facts. LCVR 56.1. In this case, the plaintiff concurs with the defendant's statement of undisputed material facts and simply adds additional facts to the defendant's list. Pl.'s Statement at 1. The defendant does not object to these additional facts. *See generally* Def.'s Opp'n & Reply. Accordingly, the court draws most of the factual background from the de-

fendant's Rule 56.1 statement, which cites to the administrative record, with references to the plaintiff's additional facts where appropriate. LCVR 56.1.

4. The plaintiff's statement refers to the year of the plaintiff's discharge as 1994 rather than 1992. Pl.'s Statement ¶ 1. Because that year conflicts with the parties' chronology and the administrative record, the court assumes that the 1994 reference is simply a typographical error.

that he might be eligible for USMC active-duty disability benefits if the BCNR were to conclude that he had a physical disability at the time of his discharge from active duty. Pl.'s Mot. for Summ. J. ("Pl.'s Mot.") at 2. The plaintiff petitioned the BCNR accordingly. Def.'s Statement ¶ 7; ARB at 141. In February 1995, the BCNR concluded that the plaintiff had been suffering from the tumor prior to his November 1992 discharge, and that if the tumor had been discovered, the plaintiff would have been transferred to the Temporary Disability Retired List ("TDRL") rather than discharged. Def.'s Statement ¶ 8; ARB at 43–45. Finding "the existence of an injustice warranting . . . corrective action," the BCNR corrected the plaintiff's record to show that he was placed on the TDRL in November 1992 rather than discharged from active duty. *Id.*

In June 1996, the plaintiff learned that because he was a USMC captain in November 1992—the date on which his record reflected his placement on the TDRL—his subsequent promotion to major in the USMC Reserve did not entitle him to promotion or advancement on the TDRL. Pl.'s Mot. at 3. In September 1996, the plaintiff petitioned the BCNR to correct his record to show that he retired at his "last/highest held rank" of major. Def.'s Statement ¶ 9; ARB at 11. The BCNR denied his petition, however, advising the plaintiff that it substantially concurred with an advisory opinion stating that

> [a]lthough [the plaintiff] served as a major in the reserve component subsequent to 1992, he was a captain on 2 November 1992, the date that BCNR corrected his record to reflect transfer to the TDRL. His subsequent promotion to major, USMC, does not entitle him to promotion or advancement on the TDRL.

Def.'s Statement ¶ 10; ARB at 6, 9. In June 1999, the plaintiff petitioned the BCNR to reconsider his petition, but BCNR indicated that reconsideration was not appropriate because "the decision would inevitably be the same." Def.'s Statement ¶¶ 11–12; ARB at 1, 5. In the fall of 2002, the plaintiff passed away and was buried with full military honors at Arlington National Cemetery. Pl.'s Mot. for Summ. J. ("Pl.'s Mot.") at 3.

## B. Procedural History

On September 12, 2001, the plaintiff filed his complaint. On January 14, 2002, the defendant filed a motion to dismiss for lack of subject-matter jurisdiction. On February 15, 2002, the plaintiff amended his complaint, and the defendant subsequently renewed its motion to dismiss. The parties filed motions for summary judgment on April 12 and May 6, 2002. On June 20, 2002, the court issued a memorandum opinion indicating that unless the plaintiff amended his complaint to waive recovery of back pay in excess of $10,000, the court would grant the defendant's motion to dismiss because the plaintiff's complaint sought more than $10,000 in monetary relief, bringing the action within the exclusive jurisdiction of the Court of Federal Claims. *Bliss v. England*, 208 F.Supp.2d 2 (D.D.C.2002).

On July 11, 2002, in response to the court's opinion, the plaintiff filed a second amended complaint that waived recovery of back pay in excess of $10,000. On September 13, 2002, the defendant filed a motion for summary judgment. On September 24, 2002, the plaintiff filed a cross-motion for summary judgment accompanied by a request for oral argument. The court now turns to the parties' motions for summary judgment.

## III. ANALYSIS

### A. Legal Standard for a Motion for Summary Judgment

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED.R.CIV.P. 56(c); *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Diamond v. Atwood,* 43 F.3d 1538, 1540 (D.C.Cir.1995). To determine which facts are "material," a court must look to the substantive law on which each claim rests. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A "genuine issue" is one whose resolution could establish an element of a claim or defense and, therefore, affect the outcome of the action. *Celotex,* 477 U.S. at 322, 106 S.Ct. 2548; *Anderson,* 477 U.S. at 248, 106 S.Ct. 2505.

In ruling on a motion for summary judgment, the court must draw all justifiable inferences in the nonmoving party's favor and accept the nonmoving party's evidence as true. *Anderson,* 477 U.S. at 255, 106 S.Ct. 2505. A nonmoving party, however, must establish more than "the mere existence of a scintilla of evidence" in support of its position. *Id.* at 252, 106 S.Ct. 2505. To prevail on a motion for summary judgment, the moving party must show that the nonmoving party "fail[ed] to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex,* 477 U.S. at 322, 106 S.Ct. 2548. By pointing to the absence of evidence proffered by the nonmoving party, a moving party may succeed on summary judgment. *Id.*

In addition, the nonmoving party may not rely solely on allegations or conclusory statements. *Greene v. Dalton,* 164 F.3d 671, 675 (D.C.Cir.1999); *Harding v. Gray,* 9 F.3d 150, 154 (D.C.Cir.1993). Rather, the nonmoving party must present specific facts that would enable a reasonable jury to find in its favor. *Greene,* 164 F.3d at 675. If the evidence "is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson,* 477 U.S. at 249–50, 106 S.Ct. 2505 (internal citations omitted).

### B. The Court Grants the Defendant's Motion for Summary Judgment and Denies the Plaintiff's Motion for Summary Judgment

#### 1. Legal Standard for Judicial Review of Correction–Board Decisions

■ The APA requires a reviewing court to set aside an agency action that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706; *Tourus Records, Inc. v. Drug Enforcement Admin.,* 259 F.3d 731, 736 (D.C.Cir.2001). As the Supreme Court has explained, however, "the scope of review under the 'arbitrary and capricious' standard is narrow and a court is not to substitute its judgment for that of the agency." *Motor Veh. Mfrs. Ass'n,* 463 U.S. 29, 43, 103 S.Ct. 2856, 77 L.Ed.2d 443 (1983). As long as an agency has "examined the relevant data and articulated a satisfactory explanation for its action including a rational connection between the facts found and the choice made," courts will not disturb the agency's action. *MD Pharm., Inc. v. Drug Enforcement Admin.,* 133 F.3d 8, 16 (D.C.Cir.1998).

■ Under section 1552(a) of title 10 of the United States Code, "[t]he Secretary of a military department may correct any military record of the Secretary's department when the Secretary considers it

necessary to correct an error or remove an injustice." 10 U.S.C. § 1552(a)(1). The statute directs the Secretary to make such corrections through boards of civilians. *Id.* Although judicial review is available under the APA to review correction-board decisions, courts apply an "unusually deferential application of the arbitrary or capricious standard of the APA" to ensure that "the courts do not become a forum for appeals by every soldier dissatisfied with his or her ratings [and thereby] destabilize military command and take the judiciary far afield of its area of competence." *Musengo v. White,* 286 F.3d 535, 538 (D.C.Cir. 2002); *Cone v. Caldera,* 223 F.3d 789, 792 (D.C.Cir.2000); *see also Verplanck v. England,* 257 F.Supp.2d 182, 187 (D.D.C.2003) (reiterating the unusual degree of deference afforded to correction-board decisions). The plaintiff bears the burden of showing, by "cogent and clearly convincing evidence," that the decision violated the APA, and must "overcome the presumption that military administrators discharge their duties correctly, lawfully, and in good faith." *McDougall v. Widnall,* 20 F.Supp.2d 78, 82 (D.D.C.1998); *Smith v. Dalton,* 927 F.Supp. 1, 4 (D.D.C.1996).

## 2. The Plaintiff Has Not Shown by Clearly Convincing Evidence That the Defendant Has Failed to Provide a Satisfactory Explanation For the BCNR's Denial of the Plaintiff's Petition

In this case, because the pleadings "show that there is no genuine issue as to any material fact and that the [parties are] entitled to a judgment as a matter of law," summary judgment is appropriate. FED. R.CIV.P. 56(c); *see also Celotex Corp.,* 477 U.S. at 322, 106 S.Ct. 2548; *Diamond,* 43 F.3d at 1540. In support of its motion for summary judgment, the defendant argues that the BCNR's denial of the plaintiff's petition for retirement at the rank of ma-

jor was not arbitrary or capricious, contrary to law, or unsupported by substantial evidence. Def.'s Mot. for Summ. J. ("Def.'s Mot.") at 8, 10; Def.'s Reply & Opp'n at 2. Specifically, the defendant contends that by correcting the plaintiff's record to reflect a transfer to the TDRL rather than a discharge from active duty, the BCNR "placed plaintiff in the exact position he would have been in if the error in question had never occurred." Def.'s Mot. at 8, 10. By doing so, says the defendant, the BCNR "effectively superseded plaintiff's subsequent status as major in the USMC [Reserve]." *Id.* at 8–9. At this point, the defendant states that a recognition of the plaintiff's rank of major "would be a historical revision of plaintiff's record[ ], rather than a historical correction." *Id.* at 8 n. 5. The defendant argues that by claiming entitlement to both the TDRL correction and the USMC Reserve rank of major, the plaintiff is trying to "have it both ways." *Id.* at 9–10. Accordingly, the defendant concludes that in denying the plaintiff's petition, the BCNR acted within its authority and did not violate the APA. *Id.* at 10. In the alternative, the defendant argues that even if the court were to find that the BCNR decision violated the APA, it lacks the authority to grant the requested relief because a *court-ordered* promotion of the plaintiff would contravene the Appointments Clause and ignore the distinctions between the regular- and reserve-officer promotion systems. *Id.* at 15–16.

In response, the plaintiff points to section 1372, which states that an officer placed on the TDRL "is entitled [to] the permanent regular or reserve grade to which he would have been promoted had it not been for the physical disability." Pl.'s Mot. at 6–10. The plaintiff argues that because he held the rank of major for six months, "the law is clear" that he "is enti-

tled to that rank and may not be deprived of it." *Id.* at 6. In support of his position, the plaintiff stresses that canons of statutory construction require the court to give meaning to the unambiguous words of section 1372. *Id.* at 7; 10 U.S.C. § 1372(3). The plaintiff asserts that the BCNR decision runs counter to the plain language of section 1372 and attempts to "recreate history" by ignoring the "very real fact that [the plaintiff] *was promoted, in fact, to the rank of Major.*" *Id.* at 9–10 (emphasis in original). Unless he is allowed to retire at major, says the plaintiff, he has not been made whole. *Id.* at 9. Finally, the plaintiff states that the court has authority to grant the requested relief because the plaintiff is entitled to retirement at the rank of major "by operation of law." *Id.* at 4–5.

By definition, the BCNR correction created the fiction that in November 1992, the plaintiff was transferred to the TDRL instead of being discharged. The case comes down to whether this fiction—requested by the plaintiff and adopted by the BCNR to correct an injustice—cancels out the plaintiff's subsequent history (including and especially his promotion to major) in the USMC Reserve.

In a case involving similar circumstances, the Court of Claims concluded that the answer is yes. *Kimmel v. United States,* 196 Ct.Cl. 579 (1971). In *Kimmel,* the plaintiff was discharged from active duty in the United States Coast Guard ("USCG") at the rank of lieutenant (junior grade) in 1964. *Id.* at 581. He was ordered back to active duty for training in 1965, during which time he was diagnosed with a physical disability that rendered him unfit for duty. *Id.* Allowed to serve in the USCG Reserve until his disability was confirmed, the plaintiff stayed in the USCG Reserve until September 1967, when he was discharged by reason of his disability with severance pay. *Id.* at 582–

83. Because his severance pay did not reflect that he had a disability at the time of his 1964 discharge, the plaintiff petitioned the correction board to correct his record. *Id.* at 583. Finding it "manifestly unjust" to deny him disability severance pay, the board corrected the plaintiff's record to show his discharge in 1964 at the rank of lieutenant (junior grade) by reason of disability. *Id.* at 584.

Subsequently, however, the plaintiff petitioned the board to ask that his record reflect a discharge date of 1967 rather than 1964, thereby allowing him to benefit from a 1966 promotion to lieutenant and a post1964 increase in armed forces pay. *Id.* at 584–85. The board denied this petition, noting that when it takes action on a petition, it "changes a serviceman's record to most accurately reflect facts as they would have to exist in order to reach a given result." *Id.* The plaintiff brought suit. In rejecting the plaintiff's challenge, the *Kimmel* court declared flatly that "the plaintiff cannot have it both ways!" *Id.* at 591 (emphasis in original). It noted that "[i]n essence the Correction Board did plaintiff a good turn by correcting his record to permit him to be entitled to severance pay," and that "[t]he injustice was removed by placing plaintiff in the same position he would have been had no error been made." *Id.* The court therefore found no APA violation and granted summary judgment for the defendant. *Id.*

The same principles expressed in *Kimmel* apply here. By correcting the plaintiff's record to reflect a 1992 transfer to the TDRL by reason of disability, the BCNR placed the plaintiff "in the same position that he would have been had no [failure to diagnose his disability] occurred." *Id.* at 591; *see also Denton v. United States,* 204 Ct.Cl. 188, 199 (1974) (stating that "section 1552 entitles a complainant to nothing more than placement

in the same position he would have been had no error been made"). Although the plaintiff was in fact promoted to major in 1993, the BCNR acted within its authority in concluding that the accepted fiction of the 1992 transfer effectively superseded plaintiff's subsequent status as major in the USMC Reserve. Def.'s Mot. at 8–9; *MD Pharm.*, 133 F.3d at 16; *Kimmel*, 196 Ct.Cl. at 591.

The authority cited by the plaintiff is not on point and does not suggest differently. In each of the cited cases, the plaintiff had already been promoted, or would have been promoted but for a disability, to the rank or ranks at issue at the time of transfer or retirement.[5] *E.g., Jones v. United States*, 187 Ct.Cl. 730 (1969) (evaluating whether the plaintiff should be transferred to the retired list at his temporary rank of warrant officer W–1 or his permanent rank of warrant officer W–3 in the Naval Reserve); *Clark v. United States*, 151 Ct.Cl. 601 (1960) (examining whether the plaintiff should be transferred to the TDRL at lieutenant commander, the rank to which she would have been promoted but for her retirement for disability); *Neri v. United States*, 145 Ct.Cl. 537, 171 F.Supp. 940 (1959) (considering whether the plaintiff should be retired for disability at his permanent rank of major in the Army Reserve or at his temporary rank of captain on extended active duty). The plaintiff in this case had not been promoted to the rank of major by November 1992, and would not have been promoted to that rank "but for" his disability. Def.'s Statement ¶ 2; Pl.'s Statement ¶ 1; ARA at 24. Accordingly, because the plaintiff

has not shown by clearly convincing evidence that the defendant has failed to provide a satisfactory explanation for its denial of the plaintiff's petition, the court will not disturb the BCNR's action. *Musengo*, 286 F.3d at 538; *MD Pharm.*, 133 F.3d at 16; *McDougall*, 20 F.Supp.2d at 82. The court therefore grants summary judgment in favor of the defendant. FED.R.CIV.P. 56(c); *Celotex*, 477 U.S. at 322, 106 S.Ct. 2548; *Diamond*, 43 F.3d at 1540.

## IV. CONCLUSION

For the foregoing reasons, the court grants the defendant's motion for summary judgment and denies the plaintiff's motion for summary judgment. An order consistent with this Memorandum Opinion is separately and contemporaneously issued this 29th day of August, 2003.

---

[5] The plaintiff also submits as additional authority a letter from the Navy's Personnel Performance and Security Division informing the plaintiff's counsel that a client in an unrelated case would be promoted to commander "as of June 1, 1998, the date she would have been promoted but for her disability." Pl.'s Mot. Ex. 1. As with the cases that the plaintiff cites, however, this "authority" does not support the plaintiff's case because the plaintiff would not have been promoted to major in November 1992 "but for" his disability. Def.'s Statement ¶ 2; Pl.'s Statement ¶ 1; ARA at 24.